S. L. HARRINGTON, *Plaintiff in Error,* vs. J. H. BOWMAN, JR., C. L. KNIGHT, and J. E. WALL, *Defendants in Error.*

136 So. 229.

Division B.

Opinion filed July 4, 1931.

Petition for rehearing denied August 10, 1931.

Ellis, J., specially concurring.

*Shackleford, Ivy, Farrior & Shannon,* of Tampa, for Plaintiff in Error;

*Jackson, Dupree & Cone, Sparkman & Knight,* and *Gibbons & Gibbons,* of Tampa, for Defendants in Error.

Per Curiam.—On the 6th day of April, 1925, J. F. Harrington, plaintiff, filed his praecipe for summons ad respondendum directed to J. H. Bowman, Jr., C. L. Knight and J. E. Wall. On the same day summons issued requiring the named defendants to answer J. F. Harrington in his civil action for damages in the sum of $10,000.00. This summons was returned by the Sheriff of Hillsborough County showing personal service upon C. L. Knight and J. E. Wall, and ''not found'' as to J. H. Bowman, Jr. The plaintiff, J. F. Harrington, filed his declaration on May 4, 1925, suing the defendants named upon a promissory note, jointly. The note sued on was attached to and made a part of the declar-

ation and, while sued on jointly appears to be a joint and several note.

Two of the defendants, that is, C. L. Knight and J. E. Wall, filed their appearances and later filed their joint and several pleas. After this, upon motion of the plaintiff, the name of J. F. Harrington was stricken out and that of S. L. Harrington was substituted. The cause remained as a suit in which S. L. Harrington sued the defendants J. H. Bowman, Jr., C. L. Knight and J. E. Wall, jointly.

The record shows that "at a term of said court came the respective parties, S. L. Harrington, plaintiff, by his attorneys, and C. L. Knight and J. E. Wall, by their attorneys, and submitted said cause on the issue joined between them to a jury," etc. It then appears that the court granted plaintiff's motion for a directed verdict, which verdict was duly returned by the jury and entered of record as follows: "We, the jury, find for the plaintiff against defendants C. L. Knight and J. E. Wall and assess his damages in the sum of Sixteen Thousand Six Hundred Eighteen & 52/100 Dollars, principal and interest, and Seventeen Hundred Eleven and 25/100 Dollars attorneys' fees. So say we all. John F. David, Foreman." The defendants Knight and Wall filed their joint and several motion for a new trial and also their joint and several motion in arrest of judgment. The motion for a new trial was continued until the next term of Court, and from term to term thereafter until a final determination by the Supreme Court on the motion in arrest of judgment. The motion in arrest of judgment was granted by the court, the right of repleader being awarded to the plaintiff. This right of repleader the plaintiff refused, whereupon the court entered its final judgment in favor of the defendants on the motion in arrest of judgment.

Because of the absence of a bill of exceptions, consideration of this case on writ of error must be confined to the

assignment of error based on the granting of the motion in arrest of judgment.

Motions in arrest of judgment are filed after verdict and before judgment and are for errors apparent on the record, but the whole policy of the law is that motions in arrest of judgment are not favored. While it is true that defects apparent on the face of the record can be taken advantage of by a motion in arrest of judgment, the scope of this motion is very much limited under the present day practice, especially by Section 4501 (2814) Comp. Genl. Laws, which provides as follows:

"No judgment after the verdict of a jury, or an award of arbitrators, shall be stayed or reversed for any defects or fault in the original writ, or for a variance between the writ and declaration, or for any mispleading, insufficient pleading, or misjoining of the issue, or for any faulty count in the declaration where the same declaration contains one count which is good, for any informality in entering up the judgment by the clerk, or for any imperfection, omission, defect or lack of form in any pleading not affecting the merits of the cause, or for any irregularity in any writ of venire facias, or in the drawing, summoning or impaneling of petit jurors; unless the party making the objection was injured by the irregularity, or unless the objection was made before the returning of the verdict."

The record shows that the note sued on was a joint and several note. If the third party on the note was not within the jurisdiction of the court, it was permissible for the plaintiff to proceed against the two obligors who were within the jurisdiction. It is unquestioned that at common law in a suit *ex contractu* against several defendants the judgment must be against all, but if three defendants are named in a suit on a joint and several note and only two are served, this is a defect, which, if taken advantage of at the proper time, might avail the other defendants who are before the court, but like any other right the right to object for failure to perfect service upon the third party is a

right which the two defendants actually served can waive by joining issue and by going to trial without objection. In such a situation when no objection is made before trial, and issue is joined and the case proceeds to trial, and a verdict of the jury is returned in favor of the plaintiff against two defendants, who were severally as well as jointly liable on a promissory note sued on and described in the declaration, the waiver implied from *joining issue and going to trial without objection* cannot be undone by a motion in arrest of judgment. The situation presented could only have been reached successfully by a motion in arrest of judgment had the three defendants sued been actually served with process, issue joined between them, and thereafter verdict returned against two of the defendants only.

The record shows that the defendants in this case did join issue with the plaintiff in the absence of the third party defendant. Thereafter they voluntarily and without objection went to trial on such issue joined and they cannot now be heard to ask that the judgment be arrested merely because the third party named as defendant was not properly made a party to the suit before trial.

This is especially true when there is enough of record to demonstrate that the third party was not in the jurisdiction of the court and that plaintiff, as a matter of law, had the right for that reason to take judgment against the two defendants who were in the jurisdiction as provided by Section 4496 (2809) Comp. Genl. Laws, and Common Law Rule No. 9 of the Rules prescribed by this Court governing common law actions in Circuit Courts.

The motion in arrest of judgment was improperly granted and the judgment on the verdict for the plaintiff was erroneously arrested. The final judgment rendered for the defendants is therefore reversed and the cause remanded for further proceedings in the Circuit Court on the pend-

344

ing motion for a new trial and for other appropriate proceedings in accordance with this opinion.

Reversed.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J., AND BROWN, J., concur in the opinion and judgment.

ELLIS, J., concurs specially.

ELLIS, J., concurring:—I agree to the conclusion reached but think the court's judgment should rest upon the following principle; when more than one person are joined as defendants in an action ex-contractu whether the contract be in writing or verbal and whether it be joint or joint and several the plaintiff's recovery must be against all the persons joined who were brought before the court by service or appearance. Against such defendants who were served or appeared it is essential to plaintiff's recovery that he establish a joint liability. 33 C. J. 1111.

The above I conceive to be the rule at common law and there is no statute in this State changing it.

Now of the three persons named in the declaration as defendants only two were served with process and appeared. The third was not served and did not appear but the plaintiff elected to proceed against the two served thereby electing to make the contract a joint one as to them. The two defendants served pleaded to the merits setting up as a defense matter available to them particularly and did not present by either plea or motion the question that the contract sued upon was a joint and not a joint and several obligation of the three persons named as defendants. The cause proceeded therefore against the two as upon a joint obligation as to them. A motion in arrest of judgment therefore was obviously wrong and not the correct procedure by which the two defendants served might present the point that there was defect of parties defendant. Neither Section 4501 C. G. L. nor Section 4496 C. G. L. is applicable.