347 So.2d 674 (1977)
COUNTY OF SEMINOLE, State of Florida, Petitioner,
v.
CITY OF LAKE MARY, a Florida Municipal Corporation, Respondent.
No. 77-509.
District Court of Appeal of Florida, Fourth District.
June 3, 1977.
Joe Horn Mount, County Atty., Sanford, for petitioner.
Gary E. Massey of Brock, Massey, Walden & Baum, Altamonte Springs, for respondent.

ON MOTION TO DISMISS
DOWNEY, Judge.
Seminole County has filed a petition for writ of certiorari to review an ordinance of the City of Lake Mary annexing certain property. Petitioner asserts that the petition is filed "pursuant to Sections 171.081, 120.31 and 120.68, Florida Statutes, as amended... ."
The City of Lake Mary has moved to dismiss the petition on the ground that jurisdiction to review annexation ordinances is in the Circuit Court pursuant to Section 171.081, Florida Statutes (1975).
Unfortunately, Section 171.081 is no model of legislative draftsmanship; its operative terms are in conflict. The section provides:
"171.081 Appeal on annexation or contraction. 
"(1) No later than 30 days following the passage of an annexation or contraction ordinance, any party affected who believes that he will suffer material injury by reason of the failure of the municipal governing body to comply with the procedures set forth in this chapter for annexation or contraction or to meet the requirements established for annexation or contraction as they apply to his property may file a petition in the circuit court for the county in which the municipality or municipalities are located seeking review by certiorari pursuant to s. 120.31. In any action instituted pursuant to this section, the complainant, should he prevail, shall be entitled to reasonable costs and attorney's fees."
It appears that the first part of the statute directs that the ordinance be reviewed in the circuit court by certiorari; while the latter part directs that review take place pursuant to Section 120.31. The latter section provides that review of final actions of administrative agencies be by the district court of appeal. See Section 120.31, Florida Statutes (1973). Obviously the latter part of Section 171.081 contradicts the first part. Try as we might under appropriate rules of statutory construction, we cannot give effect to every part of the section. However, since annexation is a matter imbued with local interest and problems, we think the Legislature intended the initial review of annexation matters to be in the circuit court of the county wherein the involved municipality is located. As a matter of fact, that is exactly what the Legislature said. Under these circumstances we prefer the rule set forth in 82 C.J.S. Statutes § 346, pp. 712-714:

*675 "... a statute should be so construed that no word, clause, sentence, provision, or part shall be rendered surplusage, or superfluous, meaningless, void, insignificant, or nugatory, if that result can be avoided, or unless it is not possible to give effect to every word without doing violence to the plain meaning of a word, or unless the exigencies of the situation, as presented from a consideration of the statute as a whole, imperatively demand that some word, phrase, or sentence be discarded, disregarded, rendered useless, or deprived of meaning." (Emphasis added; footnotes omitted.)
Thus we disregard the phrase "pursuant to s. 120.31"; and construe the remaining plain language of the section to provide for review in the circuit court.
Another argument supporting jurisdiction for review in the circuit court is that Section 120.31 was repealed by the Legislature in 1974 (Section 4, Chapter 74-310, Laws of Florida). In re-enacting a new Administrative Procedure Act, the Legislature provided for review of final agency action in the district court of appeal. This might appear to replace Section 120.31. However, the Legislature has not amended Section 171.081 by replacing "s. 120.31" with "s. 120.68". Since Section 120.31 has been repealed, it is a nullity, and any reference to it in another statute that is still effective may properly be ignored.
The Motion to Dismiss the Petition for Writ of Certiorari is granted and said petition is dismissed.
ALDERMAN, J., and PARHAM, HARRY C., Associate Judge, concur.