356 So.2d 267 (1978)
STATE of Florida ex rel. CITY OF CASSELBERRY, Florida, a Municipal Corporation, Relator,
v.
Honorable Gerald MAGER, Spencer C. Cross, James E. Alderman, James C. Downey, Harry L. Anstead and James C. Dauksch, and Seminole County, Florida, Respondents.
No. 51543.
Supreme Court of Florida.
February 23, 1978.
*268 Ned N. Julian, Jr., of Stenstrom, Davis & McIntosh, Sanford, for relator.
Joe Horn Mount, Seminole County Atty., and Gary Siegel, Asst. Seminole County Atty., Sanford, for respondents.
ENGLAND, Justice.
By request for a writ of prohibition, we are asked by the City of Casselberry to prevent the Fourth District Court of Appeal from exercising jurisdiction to review an annexation of lands by Casselberry in Seminole County. For the reasons developed below, we have determined that prohibition is an appropriate remedy for the relief sought[1] and that the writ should be issued.
Casselberry is a municipal corporation located within the boundaries of Seminole County, Florida. In January of 1977, the City Council of Casselberry adopted an ordinance annexing lands located in Seminole County into its corporate limits, in accordance with the voluntary annexation provisions of Section 171.044, Florida Statutes (Supp. 1976). In an effort to obtain judicial review of the annexation of these lands, but being in doubt as to the appropriate forum in which to do so, Seminole County filed petitions for certiorari both in the Circuit Court of Seminole County and in the Fourth District Court of Appeal. The dual filings were made as a result of a patent inconsistency in the applicable statute for review, entitled "Appeal on annexation or contraction", which provides that parties aggrieved by annexation under Chapter 171
"may file a petition in the circuit court for the county in which the municipality or municipalities are located seeking review by certiorari pursuant to s. 120.31."[2]
The directive for filing a petition in the circuit court conflicts with the reference to certiorari review pursuant to Section 120.31, because the latter section provides for review in the district court of appeal. The confusion is compounded by the fact that Section 120.31 was repealed during the same legislative term in which the referencing annexation review provision was adopted.[3]
After various motions were filed by both Casselberry and Seminole County, the circuit court stayed its proceedings until the jurisdictional question could be determined by the Fourth District Court of Appeal. In due course the district court refused to quash Seminole County's petition for certiorari in that court, thus prompting Casselberry's present request for a writ of prohibition from us to prevent the district court from exceeding its jurisdiction.
The arguments of the parties in this proceeding represent sophisticated attempts to make sense out of a statute which contains an irreconcilable internal conflict. It profits no one to restate those arguments here. A busy 1974 Legislature simply created an anomaly which we must clarify as best we can.
Based on our best estimate of the legislative intent, we find that the reference to "certiorari pursuant to s. 120.31" was intended to define the nature and scope *269 of the review proceeding, but that the locale for annexation review was intended to be set, as the statute expressly directs, in the circuit court for the county in which the municipality or municipalities are located.[4] We reach this conclusion principally on the basis of the Legislature's specificity in describing the location for review.[5] It is also persuasive, of course, that by doing so we avoid constitutional difficulties raised by Casselberry with regard to setting jurisdiction in the district courts.[6]
At oral argument in this proceeding both parties requested that we address not only the location for annexation review, but also the form and scope of review. The request is reasonable, although again we must divine legislative will with no sure guidance. Despite the title reference to "appeal" and the attractive policy arguments suggested for treating annexation review as a full appeal as of right, we think it apparent that the Legislature intended to limit the review of voluntary annexations to the less rigorous analysis provided by certiorari review.
The district court erred in denying Casselberry's motion to quash the petition for certiorari presented by Seminole County. The rule nisi in prohibition previously issued is made absolute, and the Fourth District Court of Appeal is prohibited from entertaining the petition for certiorari filed by Seminole County to review Casselberry's voluntary annexation.
It is so ordered.
BOYD, SUNDBERG, HATCHETT and KARL, JJ., concur.
ADKINS, Acting C.J., concurs in result only.
NOTES
[1] Art. V, § 3(b)(4), Fla. Const.
[2] § 171.081, Fla. Stat. (1975).
[3] Ch. 74-310, Laws of Florida, enacting § 120.72(1), Fla. Stat. (1975). § 120.31 provided for judicial review under the 1961 administrative procedure act, which was repealed in its entirety by the 1974 enactment. The fact that § 120.31 has been repealed, however, does not render its provisions ineffective for the purposes of § 171.081. We have held that the repeal of one statute which the Legislature has by reference incorporated into another will not affect the referencing statute. Van Pelt v. Hilliard, 75 Fla. 792, 78 So. 693 (1918).
[4] We note that the Fourth District Court of Appeal has recently reached the same conclusion with respect to its lack of jurisdiction in a proceeding determined subsequent to the application for review in the case now before us. County of Seminole v. City of Lake Mary, 347 So.2d 674 (Fla. 4th DCA 1977).
[5] A statute should be interpreted to give effect to every clause in it, and to accord meaning and harmony to all of its parts. See, e.g., Vocelle v. Knight Bros. Paper Co., 118 So.2d 664 (Fla. 1st DCA 1960).
[6] Courts always endeavor to preserve statutes and to avoid constitutional issues. See Chiapetta v. Jordan, 153 Fla. 788, 16 So.2d 641 (1944).