Mr. Andrew DeGraffenreidt, III City Attorney City of Hollywood Post Office Box 2207 Hollywood, Florida 33022
Dear Mr. DeGraffenreidt:
You have requested my opinion on substantially the following question:
 WHAT PROCEDURES ARE AVAILABLE TO AMEND THE FINAL MILLAGE RATE OF A MUNICIPALITY WHERE THE AGGREGATE CHANGE IN THE ASSESSMENT ROLL AS CERTIFIED BY THE PROPERTY APPRAISER PURSUANT TO s. 200.065(1), F.S., AS AMENDED BY CH. 86-300, LAWS OF FLORIDA, IS AT VARIANCE BY LESS THAN 3% OF THE TAXABLE VALUE SHOWN ON THE ROLL TO BE EXTENDED PURSUANT TO s. 193.122, F.S.?
As cited in your opinion request letter, the current language of s. 200.065(5), F.S., reads as follows:
 (5) Prior to extension of the rolls pursuant to s. 193.122, the property appraiser shall notify each taxing authority of the aggregate change in the assessment roll, if any, from that certified pursuant to subsection (1), including, but not limited to, those changes which result from actions by the property appraisal adjustment board or from corrections of errors in the assessment roll. Each affected taxing authority may adjust administratively its adopted millage rate without a public hearing if the taxable value within the jurisdiction of the taxing authority as certified pursuant to subsection (1) is at variance by more than 3 percent with the taxable value shown on the roll to be extended. The adjustment shall be such that the taxes computed by applying the adopted rate against the certified taxable value are equal to the taxes computed by applying the adjusted adopted rate to the taxable value on the roll to be extended. However, no adjustment shall be made to levies required by law to be a specific millage amount. Not later than 3 days after receipt of notification pursuant to this subsection, each affected taxing authority shall certify to the property appraiser its adjusted adopted rate. Failure to so certify shall constitute waiver of the adjustment privilege (e.s.)
In your letter, you suggest that the above cited provisions of s.200.065(5) "seem to imply" that where changes in the assessment roll to be extended are at variance by less then 3% of the certification provided for in subsection (1) of s. 200.065 of Florida Statutes, the city may also amend its millage rate, provided that such action is taken after a public hearing on this matter is provided to the potentially affected taxpayers of your city.
I am of the view, however, that a conclusion that the language of s. 200.065(5), F.S., implies that a taxing authority may adjust its adopted millage rate pursuant to a public hearing under the circumstances described in your letter is not clearly warranted by the language of the statute as interpreted pursuant to established rules of statutory construction.
One of the basic rules of statutory construction is that it will be presumed that the Legislature intended every part of a statute to have a purpose and that construction is favored which gives effect to every part of the statute, thus producing a consistent and harmonious whole. Likewise, a construction that would leave without effect any part of the language used should be rejected if possible. See, 49 Fla.Jur.2d Statutes s. 179; and State ex rel. City of Casselberry v. Mager, 356 So.2d 267 (Fla. 1978); State v. Gale Distributors, Inc., 349 So.2d 150 (Fla. 1977) and State ex rel. Davis v. Knight, 124 So. 461 (Fla. 1929).
The last two sentences of s. 200.065(5), F.S., impose a strict three day time period within which each taxing authority shall certify to the property appraiser its adjusted adopted millage rate after receipt of the notification from the property appraiser of the aggregate change in the assessment roll from that certified pursuant to subsection (1). Furthermore, the last sentence of s.200.065(5) expresses the clear legislative intent that failure to so certify [within the 3 day period] constitutes waiver of the adjustment privilege. Thus, the last two sentences of s.200.065(5) seem to express the clear and unambiguous intent of the Legislature that any adjustment by a taxing authority to a previously adopted millage rate would have to be completed and certified to the property appraiser within the statutory 3 day time period, whether such adjustment is made with or without a public hearing.
Another rule of statutory construction which appears applicable is that the law favors a rational, sensible construction of a statute and an interpretation which would lead to an unreasonable, illogical or ineffective conclusion should be avoided. See, 49 Fla.Jur.2d Statutes s. 185; and State v. Webb, 398 So.2d 820
(Fla. 1981); City of St. Petersburg v. Siebold, 48 So.2d 291
(Fla. 1950). The mandatory 3 day time period imposed by s.200.065(5), F.S., upon taxing authorities to adjust their previously adopted millage rates and to certify such adjustments to the property appraiser does not in my opinion, logically or reasonably support any implied intent on the part of the Legislature to authorize a taxing authority to adjust a previously adopted millage rate after a public hearing where the changes in taxable value on the roll to be extended are at variance by less than 3% from the certification pursuant to subsection (1). The seeming impossibility of complying with any reasonable public notice and advertisement requirements within the strict 3 day statutory time period imposed pursuant to s. 200.065(5) is obvious.
Furthermore, as you recognize in your letter, a conclusion that the subject language of s. 200.065(5), F.S., purports to authorize a taxing authority to adjust its previously adopted millage rate after a public hearing where the taxable value of the property certified pursuant to subsection (1) is at variance by less than 3% of the taxable values shown on the roll to be extended would have to be based solely on implication, and not from a plain reading of the literal language of this subsection. However, implications which the language of a statute does not clearly warrant are not favored and "great wariness" should be exercised by the courts [and by the Attorney General] in construction of statutes where their meaning is sought to be derived, not from specific language, but out of innuendoes of disjointed portions of the statute. See, 49 Fla.Jur.2d Statutes s. 124, 73 Am.Jur.2d Statutes s. 210.
Finally, I would point out that any adverse impact to a taxing authority due to the lack of statutory authority to adjust its adopted millage rate to compensate for changes in taxable values of less than 3% from that certified pursuant to subsection (1) appears to be mitigated by the related provisions of s.200.065(2), F.S., as amended by Chs. 86-190 and 86-300, Laws of Florida. The language of s. 200.065(2)(a)1. does not require a taxing authority to compute a proposed millage rate based on 100% of the taxable value certified pursuant to subsection (1), but allows each taxing authority the discretion to utilize a figure as low as 95% of the taxable value certified. Thus any potential loss of taxable value of less than 3% under s. 200.065(5) may be compensated for by a taxing authority utilizing the 95% figure authorized by s. 200.065(2) in computing its proposed millage rate.
In light of my response to your first inquiry, your second inquiry as to whether any such public hearing has to comply with the provisions set forth in s. 200.065(2)(d), F.S., is rendered moot.
In summary, I am of the opinion that the current language of s.200.065(5), F.S., does not impliedly authorize a taxing authority to adjust its previously adopted millage rate after a public hearing where the taxable value on the assessment roll as certified pursuant to s. 200.065(1) is at variance by less than 3% of the taxable value shown on the roll to be extended and accordingly, in the absence of statutory authority therefor, a municipality may not so amend its millage rate.
Sincerely,
Jim Smith Attorney General
Prepared by:
J. Terrell Williams Assistant Attorney General