579 So.2d 198 (1991)
Harold BAILEY and Wilma Bailey, Appellants,
v.
MOBILE HOME PARK REALTY, INC., Appellee.
No. 90-00916.
District Court of Appeal of Florida, Second District.
April 19, 1991.
Rehearing Denied May 24, 1991.
*199 Howard C. Batt, P.A., Clearwater, for appellants.
Brian A. Bolves of Rydberg, Goldstein & Bolves, P.A., Tampa, for appellee.
RYDER, Judge.
The appellants, the Baileys, contend that the trial court erred by denying their post-trial motion titled "Renewed Motion for Directed Verdict, Motion in Arrest of Judgment and Alternative Motion to Vacate Verdict." We decline to address the issues raised in this appeal and dismiss for lack of jurisdiction, because the notice of appeal was untimely.
In order to determine whether the notice of appeal was untimely, it is necessary to understand the chronology of the proceedings in this case. The jury verdict was returned and filed on November 30, 1989. Thereafter, the final judgment was entered on December 8, 1989 and filed December 11, 1989. The Baileys served their motion on December 11, 1989 and it was filed on December 12, 1989. The order denying their motion was filed on February 26, 1990. Subsequently, on March 26, 1990, the Baileys filed a notice of appeal, 106 days after the final judgment was filed. The question is whether the Baileys' motion extended the time to appeal. Because the Baileys filed a three-in-one motion, a motion in arrest of judgment, a renewed motion for directed verdict and an alternative motion to vacate verdict, it is necessary to examine each one separately to determine if one of the three could extend the time for filing a notice of appeal.
First, the renewed motion for directed verdict was untimely. Florida Rule of Civil Procedure 1.480(b) provides that "[w]ithin ten days after the reception of a verdict a party who has moved for a directed verdict may move to have the verdict and any judgment entered thereon set aside... ." The time period for filing this motion expired on December 11.[1] While the Baileys served their motion on December 11, it was not filed until December 12. Rule 1.480 is unlike the rehearing rule which provides for a rehearing motion to be served within ten days after the verdict. Fla.R.Civ.P. 1.530. Therefore, the renewed motion is untimely and did not extend the time of appeal.
Second, while a motion in arrest of judgment will suspend the time for filing a notice of appeal, it has to be served after the verdict is received, but before the judgment is entered. Fla.R.App.P. 9.020; Harrington v. Bowman, 102 Fla. 339, 136 So. 229 (1931), modified, 106 Fla. 86, 143 So. 651 (1932) Here, the judgment was entered on December 8, 1989, thus making the motion three days late. Therefore, the motion for arrest of judgment was untimely *200 and did not suspend the time period for the Baileys to file their notice of appeal.
Third, the alternative motion to vacate verdict was untimely pursuant to Florida Rule of Civil Procedure 1.480(b). The Baileys essentially asked the court to direct the verdict or, in the alternative, set it aside. In connection with a motion for directed verdict, the alternative motion to vacate was untimely. If the Baileys had intended to bring the motion pursuant to Florida Rule of Civil Procedure 1.540(b), then the motion, while timely, did not stay the time to appeal.
Finally, we must consider whether the motion, despite its title but considering the substance of it, could be treated as a motion for rehearing which would have been timely in accordance with rule 1.530. However, it appears that the Baileys intended the entire motion to be one to vacate the verdict and enter judgment on their motion for directed verdict. Therefore, because the Baileys' motion was untimely, thereby precluding it from suspending the time for filing the notice of appeal, we dismiss this appeal for lack of jurisdiction.
Dismissed.
SCHOONOVER, C.J., and PARKER, J., concur.
NOTES
[1] The ten-day time period actually expired on Sunday, December 10, 1989; therefore, pursuant to Florida Rule of Civil Procedure 1.090, the Baileys' time period was extended to Monday, December 11, 1989.