RYDER, Judge.
We affirm the appellant’s conviction of DUI and leaving the scene of an accident involving injury. Although the conviction can be affirmed, the sentence must be reversed. This court has held that where the information failed to allege all the proper elements of the crime charged, the court cannot sentence the defendant on the more serious crime. Helmick v. State, 569 So.2d 869 (Fla. 2d DCA 1990).
Section 316.193, Florida Statutes (1987), provides for periods of incarceration in excess of six months if the state alleges and it is proven at trial that the defendant is a repeat offender, damaged the property or person of another, or had a blood alcohol level of .20 or above. Here, the appellant was a first time offender, his blood alcohol level was .153, and the information did not allege in Count II that he had caused bodily injury. Accordingly, the trial court erred in sentencing appellant to ten months in jail.
Therefore, the sentence imposed for DUI is vacated and this cause is remanded for resentencing consistent with this opinion.
Affirmed in part; reversed in part.
SCHOONOVER, C.J., and DANAHY, J., concur.