PER CURIAM.
We find that the trial court abused its discretion by dismissing the plaintiffs’, Gloria Jalil and Lynne Gonzalez’s, amended complaint and by striking their pleadings where the trial court failed to make a finding of wilful disregard of the trial court’s discovery orders, where the dismissal of the plaintiffs’ amended complaint and the striking of their pleadings was too severe a sanction for a first time discovery violation, and where there were other lesser sanctions available. Kozel v. Ostendorf, 629 So.2d 817 (Fla.1993); Mercer v. Raine, 443 So.2d 944 (Fla.1983); Florida Lime Growers, Inc. v. Bloomer Plastics, Inc., 665 So.2d 1151 (Fla. 3d DCA 1996). For these reasons, we reverse the trial court’s order denying the plaintiffs’ verified emergency motion to set aside the order granting defendant Merkury Corporation’s motion to dismiss the plaintiffs’ amended complaint and to strike their pleadings. In addition, because the trial court improperly struck the plaintiffs’ pleadings, including their answer to defendant Merkury Corporation’s counterclaim, we must also reverse the adverse final summary judgment on Merkury Corporation’s counterclaim.
As to the plaintiffs’ appeal from the trial court’s order denying their motion to set aside the award of attorney’s fees to defendant Tolies, we dismiss this portion of the appeal for lack of jurisdiction because it was untimely filed. Fla. R.App. P. 9.110(b); Bailey v. Mobile Home Park Realty, Inc., 579 So.2d 198 (Fla. 2d DCA 1991).
Reversed, in part, and remanded for further proceedings consistent with this opinion; dismissed, in part.