766 So.2d 1107 (2000)
Sarah JONES, Appellant,
v.
Bennett H. BRUMMER, Public Defender, Appellee.
No. 3D99-2510.
District Court of Appeal of Florida, Third District.
August 16, 2000.
Leslie Holland, Miami, for appellant.
George, Hartz, Lundeen & Fulmer, and Esther E. Galicia, Fort Lauderdale, for appellee.
Before JORGENSON, GERSTEN, and RAMIREZ, JJ.
RAMIREZ, J.
Appellant Sarah Jones appeals the dismissal of her complaint brought under the Florida Civil Rights Act of 1992, §§ 760.01-.11, Fla. Stat. (1997). We reverse and remand the case for further proceedings because appellee, Bennett H. Brummer, Public Defender, is not immune from suit in this case.
Jones was employed by Brummer, as a legal secretary/pod coordinator for nine years. She is an African-American over the age of forty who was allegedly replaced with a twenty-three year-old Hispanic white female. She sued Brummer under the Florida Civil Rights Act for discrimination on the basis of race, age, and national origin. Jones alleges that Brummer induced her to resign by subjecting her to excessively harsh and unwarranted criticism and scrutiny in her performance so as to replace her with an individual of different race, age, and national origin.
Brummer moved to dismiss, arguing that the trial court lacked subject matter jurisdiction over the claims against him because he was immune from suit under the doctrine of sovereign immunity and the state legislature has not expressly waived sovereign immunity for actions brought under the Act. The trial court agreed with Brummer and dismissed Jones' complaint. We reverse because we believe that a fair reading of Florida's Civil Rights Act as a whole, together with section 768.28, Florida Statutes, which is cross-referenced in the Act, evidences a sufficiently clear legislative intent that sovereign immunity for public employers, such as the appellee in this case, is waived for causes of action brought in state court under the Act.[1]
*1108 Jones agrees that Brummer is immune from this claim unless the state legislature has expressly waived sovereign immunity and argues that sovereign immunity has expressly been waived in this case. Jones relies on section 760.02(6), Florida Statutes, which includes "the state; or any governmental entity or agency" within the definition of a "person" who may be an "employer"[2] subject to civil liability for unlawful employment practices under the Act. See § 760.10, Fla. Stat. (unlawful employment practices); § 760.11, Fla. Stat. (administrative and civil remedies). Jones also relies on section 760.11(15), Florida Statutes, which provides that "[i]n any civil action ... a finding that a person employed by the state or any governmental entity or agency has violated s. 760.10 shall as a matter of law constitute just or substantial cause for such person's discharge" for her argument that by so including public entities within coverage of the Act and referring to the effect on such entities of a finding against it in a "civil action," the legislature intended that aggrieved persons would be allowed to proceed civilly against public officials under the Act without any sovereign immunity bar. We believe that an additional subsection, § 760.11(5), Fla. Stat., and its cross reference to section 768.28(5)(statutory cap on damages recoverable against the state and its subdivisions), further evidences the legislative intent that state public entities may be sued in state court for violations of the Act.
Section 760.11(5) addresses the nature and extent of damages awardable in civil actions brought under the Act. At the conclusion of a general discussion of the issue, the legislature included the following with regard to state public entities: "Notwithstanding the above, the state and its agencies and subdivisions shall not be liable for punitive damages. The total amount of recovery against the state and its agencies and subdivisions shall not exceed the limitation as set forth in s. 768.28(5)." § 760.11(5), Fla. Stat. (1997)(emphasis added). Section 768.28(5), in turn, states: "The state and its agencies and subdivisions shall be liable for tort claims in the same manner and to the same extent as a private individual under like circumstances, but liability shall not include punitive damages or interest for the period before judgment." (emphasis added). That subsection continues by additionally placing monetary limits on compensatory damages recovered in tort actions against the state, its agencies and subdivisions. Subsection (1) of section 768.28, in pertinent part, addresses the types of actions for which sovereign immunity is waived up to the subsection (5) caps as follows: "Actions... to recover damages in tort for money damages against the state or its agencies or subdivisions for injury ... caused by the negligent or wrongful act... of any employee of the agency or subdivision while acting within the scope of [the employee's] office or employment under circumstances in which the state or such agency or subdivision, if an private person, would be liable to the claimant, in accordance with the general laws of this state, may be prosecuted subject to the limitations provided in this act." § 768.28(1), Fla. Stat. (1997)(emphasis added).
We conclude that the statutory provisions cited above, read together, evidence legislative intent that civil actions for damages under Florida's Civil Rights Act be prosecuted against the state, its agencies, or subdivisions. If the legislature had not intended that civil actions for damages be prosecuted in such a manner, there would be no reason for the inclusion of such public entities within the definition of employer *1109 or the cross-reference to the section 768.28 caps in connection with any "recovery" under the Act against the state, its agencies and subdivisions. We further conclude that these statutory provisions are sufficiently clear and unequivocal, see Spangler v. Florida State Turnpike Auth., 106 So.2d 421, 424 (Fla.1958), to constitute a waiver of sovereign immunity in connection with actions under Florida's Civil Rights Act. See State ex rel. Franklin v. City of Topeka, 266 Kan. 385, 969 P.2d 852 (1998)(no sovereign immunity bar actions against state under city anti-discrimination ordinance; such actions fall with statutory waiver of immunity containing virtually identical language as section 768.28). We therefore reverse the final judgment of dismissal on appeal and remand the case to the trial court for further proceedings.
Reversed and remanded.
NOTES
[1] We have not overlooked the unpublished federal district court orders urged by Brummer as support for the dismissal in this case, but find them unpersuasive in light of the eleventh amendment issues involved in litigation against state public officials in federal court which are not present in state court cases. Nor have we overlooked the cases of Hill v. Department of Corrections, 513 So.2d 129 (Fla.1987) and Gamble v. Florida Department of Health and Rehabilitative Services, 779 F.2d 1509 (11th Cir.1986), also cited by Brummer; however, we find neither of those cases controlling in this case. Both Hill and Gamble were decided long before Florida's Civil Rights Act was enacted and both involved issues of sovereign immunity and eleventh amendment protections for state officials faced with claims made in federal court under federal statutes; issues which are not present in this case.
[2] "[A]ny person employing 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year...." § 760.02(7), Fla. Stat. (1997)(emphasis added).