KLEIN, J.
Plaintiff appellant, a high school teacher, obtained a verdict for damages in an age discrimination case brought under section 760.10(l)(a), Florida Statutes (1995). Following the verdict, the appellee School Board served a post-trial renewed motion for directed verdict one day late. The trial court granted the motion and set aside the jury verdict. We reverse because the motion was not timely.
Rule 1.480(b) provides in part:
*707 Within 10 days after the return of the verdict, a party who has timely moved for a directed verdict may serve a motion to set aside the verdict and any judgment entered thereon and to enter judgment in accordance with the motion for a directed verdict.
Although the School Board timely moved for a directed verdict during trial, it did not serve its motion for directed verdict until the eleventh day after the verdict. In a case on all fours, Adee Resort Corp. v. Brewer & Co., Inc., 653 So.2d 1052, 1053 (Fla. 4th DCA 1995), we said, in regard to the rule:
Patently, the rule contemplates that when a court fails to grant a motion for directed verdict at the close of the evidence, a party has only ten days after reception of the verdict to move for a judgment in accordance with the motion even in cases in which the trial court has deferred ruling on the motion. Failure to timely file is a waiver. See Johnson v. New York, N.H. & H.R. Co., 344 U.S. 48, 50-53, 73 S.Ct. 125, 127-28, 97 L.Ed. 77 (1952)(construing a similar federal rule to forbid the trial judge from entering judgment on an untimely motion even if the court specifically reserved ruling on it at trial), See also Bailey v. Mobile Home Park Realty, 579 So.2d 198 (Fla. 2d DCA 1991)(post-trial motion for directed verdict which was one day late did not toll rendition of judgment resulting in appeal being untimely).
The trial court, accordingly, erred in granting the School Board’s motion for directed verdict.
Although it is not pertinent to our disposition of this case, we note that when Bailey and Adee were decided, rule 1.480(b) was worded in such a manner as to make filing the act which had to occur within ten days. Rule 1.480(b) was amended in 1996 “to clarify that the time limitations in this rule are based on service.” Committee Notes, 1996 Amendment. We assume that this was done to make rule 1.480(b) consistent with rule 1.530(b), under which service, not filing, is the act which determines whether post-trial motions authorized by rule 1.530(b) are timely. We emphasize this service requirement because occasionally practitioners erroneously assume that the ten day periods in rules 1.480 and 1.530 pertain to filing, not service. When a motion authorized by those rules is not timely, it does not toll the time for filing an appeal. Fla.R.App.P. 9.020(h). Bailey; Migliore v. Migliore, 717 So.2d 1077 (Fla. 4th DCA 1998).
The School Board urges that we should affirm in any event, because the trial court should have granted the School Board’s motion for judgment on the pleadings on the ground that it had sovereign immunity from claims for age discrimination brought under the Florida Civil Rights Act. In a case on all fours, the third district, in Jones v. Brummer, 766 So.2d 1107 (Fla. 3d DCA 2000), rejected the public defender’s contention that he had sovereign immunity from being sued under the same statute. As the third district pointed out, section 760.02(6) includes “the state; or any governmental entity or agency” within the definition of a “person” as an “employer” subject to civil liability for unlawful employment practices under the Act. We agree with Jones.
When the trial court granted the School Board’s motion for directed verdict, it also, in the alternative, granted plaintiffs pending motion for additur. The School Board has not challenged the additur, and accordingly we reverse for entry of a judgment for damages as determined in the order granting the motion for additur.
WARNER, C.J., and LENDERMAN, JOHN C., Associate Judge, concur.