PER CURIAM.
Trooper Eduardo E. Diaz appeals the dismissal of the complaint he filed against the Florida Highway Patrol (FHP), claiming a violation of the Florida Civil Rights Act (FCRA). The trial court dismissed the trooper’s claim after finding it lacked subject matter jurisdiction based on the FHP’s assertion of sovereign immunity. We reverse. As Diaz points out, the FHP’s position was conclusively rejected by this court in Jones v. Brummer, 766 So.2d 1107, 1108 (Fla. Sd DCA 2000). In Brummer, we concluded that a fair reading of FCRA, together with section 768.28, Florida Statutes (1999) which is cross-referenced in the Act, evidences a sufficiently clear legislative intent that sovereign immunity for public employers is waived for causes of action brought in state court under the Act. Id.
The First District’s opinion in Klonis v. State, 766 So.2d 1186 (Fla. 1st DCA 2000), and the Fourth District’s opinion in Williams v. School Board of Palm Beach, 770 So.2d 706 (Fla. 4th DCA 2000), support our conclusion. See also Bell v. Board of Regents, 768 So.2d 1244, 2000 WL 1508508 (Fla. 1st DCA Oct.12, 2000)(referring to Kimel v. Florida Bd. of Regents, 528 U.S. 62, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000)) (citing section 760.01 et seq., Florida Statutes (1997 and Supp. 1998), as one example of a state statute protecting state employees from age discrimination).
Considering this as a matter having great public importance, we certify the question to the Supreme Court. However, relying on Brummer, we reverse the order under review.