Dear Mr. Cherof:
As Attorney for the Town of Lauderdale By The Sea, you have asked for my opinion on substantially the following questions:
1. Does an amendment to a town charter initiated by ten percent of the registered electors pursuant to section 166.031(1), Florida Statutes, constitute "action of a governmental entity" as that term is used in the Bert J. Harris, Jr., Private Property Rights Protection Act?
2. Following such amendments to the charter, does subsequent action by the Town Commission, compelled by language in the charter as amended, constitute "action of a governmental entity" as that term is defined in the Bert J. Harris, Jr., Private Property Rights Protection Act?
Your questions are related and will be answered together.
According to your letter, the electors of the Town of Lauderdale By The Sea submitted a proposed amendment to the town charter using the procedure authorized by section 166.031(1), Florida Statutes. This amendment was submitted to the electors and was approved earlier this year.[1]
The charter amendment provides for a 44-foot height limit on new construction in the area that was annexed into the town from unincorporated Broward County in 2001. Prior to approval of the charter amendment, the 44-foot height limit did not exist in the annexation area. Under Broward County zoning regulations, buildings as high as 15 stories or 150 feet were allowed, subject to other zoning regulations.
In the annexation area there are several 15-story high-rise buildings that now exceed the new 44-foot height limit. These buildings are now legal nonconforming structures. In addition, there are several undeveloped parcels in the area that were zoned under Broward County regulations to permit structures of 15 stories in height that now may only be constructed to a maximum height of 44-feet. The town is concerned about potential liability for imposing an inordinate burden on property rights through the adoption and implementation of this charter amendment and has requested assistance in resolving these questions.
The 1995 Legislature enacted the "Bert J. Harris, Jr., Private Property Rights Protection Act."[2] The act provides in part that when a specific action of a governmental entity has inordinately burdened an existing use of real property or a vested right to a specific use of real property, the property owner of that real property is entitled to relief that may include compensation for the actual loss to the fair market value of the property caused by the action of government, as provided in the statute.[3] This cause of action is separate and distinct from any cause of action that might arise under the law of takings.[4]
The term "inordinate burden" or "inordinately burdened" is defined in section 3(e) of the act to mean that
"[A]n action of one or more governmental entities has directly restricted or limited the use of real property such that the property owner is permanently unable to attain the reasonable, investment-backed expectation for the existing use of the real property or a vested right to a specific use of the real property with respect to the real property as a whole, or that the property owner is left with existing or vested uses that are unreasonable such that the property owner bears permanently a disproportionate share of a burden imposed for the good of the public, which in fairness should be borne by the public at large."
Legislative intent is the polestar that guides statutory construction analysis.[5] The legislative intent of the Bert J. Harris, Jr., Private Property Rights Protection Act is evident from the first section of the act, which clearly provides that the statute was intended to protect private property interests against "inordinately burdensome" governmental regulations that do not necessarily amount to a constitutional taking.[6]
Section 70.001(1), Florida Statutes, provides for relief or payment of compensation "when a new law, rule, regulation, or ordinance" unfairly affects real property. An amendment to the municipal charter would appear to come within the scope of this language. A municipal charter is the paramount law of that municipality. It represents the constitution of the town, enumerating and providing all the powers the town possesses. A municipal charter consists of the creative act and all laws in force relating to the corporation, whether in defining its powers or regulating the method of their exercise.[7] Thus, the provisions of the Charter of the Town of Lauderdale By The Sea are laws within the scope of section 70.001, Florida Statutes, and can give rise to liability for any inordinate burden the charter provisions impose on real property "for the good of the public" when "in fairness [this disproportionate share of the burden] should be borne by the public at large." Likewise, the regulations, ordinances or rules adopted by the town to implement the charter amendment, would constitute "action of a governmental entity" that may implicate the Bert J. Harris, Jr., Private Property Rights Protection Act if these regulations impose an "inordinate burden" on real property.
In sum, it is my opinion that an amendment to a town charter proposed and approved pursuant to section 166.031(1), Florida Statutes, does constitute "action of a governmental entity" as that term is defined and used in the Bert J. Harris, Jr., Private Property Rights Protection Act. In addition, any new rules, regulations, or ordinances adopted by the town to effectuate the terms of the amendment to the charter would also constitute "action of a governmental entity" as that term is defined and used in the act. I note that the authority to determine whether such action gives rise to a claim under the act is expressly vested in the judicial branch.[8]
Sincerely,
 Charlie Crist Attorney General
CC/tgh
[1] As you note, pursuant to section 166.031(1), Florida Statutes, the town commission, as governing body, has no discretion regarding submission of the proposed charter amendment to a vote of the electors:
 "The governing body of the municipality shall place the proposed amendment contained in the ordinance or petition to a vote of the electors at the next general election held within the municipality or at a special election called for such purpose."
[2] See Ch. 95-181, Laws of Fla.
[3] Section 70.001(2), Fla. Stat.
[4] Section 70.001(1), Fla. Stat.
[5] Reynolds v. State, 842 So. 2d 46, 49 (Fla. 2002); Statev. J.M., 824 So. 2d 105, 109 (Fla. 2002).
[6] Section 70.001(1), Fla. Stat. And see Royal WorldMetropolitan, Inc. v. City of Miami Beach, 863 So. 2d 320 (Fla. 3rd DCA 2003).
[7] 12 Fla. Jur. 2d Counties and Municipal Corporations s. 22.
[8] Section 70.001(6)(a), Fla. Stat.