HORTON, Judge.
Blanche T. Lewis sued the City of Miami to recover damages for injuries sustained by her as a result of a fall on a city sidewalk. The fall was alleged and proven to be caused by one of three small holes in the sidewalk. The jury returned a verdict for the plaintiff and the city appealed.
The main issue on appeal is the appellant’s contention that the plaintiff failed to plead and prove that the city had either actual or constructive notice of the defect in the sidewalk. It clearly appears from the amended complaint in this cause, that no allegation was made charging the city with knowledge of the defect.
Since 1892, it has been the law in Florida that a plaintiff, when seeking to recover for injuries sustained by a defective sidewalk, must allege that the municipality had knowledge of the defect or that the defect had existed for such a length of time that the city should have known of it. In City of Orlando v. Heard, 29 Fla. 581, 11 So. 182, 184, the Supreme Court of Florida said:
“There is no allegation here that the defendant corporation had any notice of the defects in the sidewalk which occasioned the injury complained of, nor is it averred that the defects in the sidewalk existed a sufficient time before the alleged injury to make it reasonably inferable that appellant had notice, so that it might have made repairs and prevented the accident. * * If a defect should happen in a street or sidewalk at a time or under circumstances when the city had no knowledge of it or opportunity to know about it in time to make the necessary repairs, it could not be held liable for injury resulting from an accident by reason of the defect.”
Accord: City of Daytona v. Edson, 46 Fla. 463, 34 So. 954; City of Pensacola v. Herron, 112 Fla. 742, 150 So. 877; City of St. Petersburg v. Roach, 148 Fla. 316, 4 So.2d 367; City of Tallahassee v. Coles, 148 Fla. 606, 4 So.2d 874; Pividal v. City of Miami, Fla.App.1958, 105 So.2d 502; 63 C.J.S. Municipal Corporations § 934d (7).
 Possibly the plaintiff could have overcome the deficiency in the complaint by proving either actual or constructive notice to the city of the defect and amending the complaint to conform with the evidence as provided by Florida Rules of Civil Procedure, 1.15(b), 30 F.S.A.; however, there is a complete failure in the proofs as to any notice on the part of the city. The city preserved the point for review by making it a basis of motions for directed verdict during the course of the trial.
Accordingly, the judgment is reversed.
CARROLL, CHAS., C. J., and PEARSON, J., concur.