NESBITT, Judge.
Defendant, third-party plaintiff General Motors Acceptance Corporation (GMAC) appeals from a judgment entered in favor of the plaintiff John McCoy and a directed verdict entered in favor of the third-party defendant, City of Miami Beach on GMAC’s claim for contribution.
Due to a default on a security interest held by GMAC in a 1974 Chevrolet Impala, GMAC repossessed the car without the knowledge of the owner, McHugh. McHugh reported to the Miami Beach Police Department that the vehicle had been stolen. The report of the theft was fed into a computerized system and disseminated to various enforcement officers. The GMAC employee who repossessed the car testified that he immediately notified the Miami Beach Police Department of the action he *602 had taken on behalf of GMAC. (A special interrogatory verdict found he had not.) Following repossession, GMAC obtained a title certificate and the car was sold through a dealer to the plaintiff McCoy. More than one year later, McCoy was stopped by Dade County police who were responding to McHugh’s earlier report that the car had been stolen. McCoy was temporarily detained by police officers notwithstanding the fact that there were papers in the glove compartment to show that he was the rightful owner of the vehicle.
McCoy instituted a suit against GMAC for its failure to notify the police department of the repossession within twenty-four hours as a result of which McCoy claimed he was entitled to compensatory and punitive damages. GMAC filed a third-party complaint against Miami Beach for indemnity and contribution because of its negligence in investigating the complaint of McHugh that his vehicle was stolen. A directed verdict was entered on the City of Miami Beach’s claim for contribution. A jury verdict was entered in favor of McCoy against GMAC, and in favor of the City of Miami Beach against GMAC on its claim for indemnity. GMAC appeals the directed verdict and the jury verdict in favor of McCoy.
The negligence alleged by McCoy against GMAC was its violation of Section 493.25, Florida Statutes (1975) which provides:
Acts prohibited by licensees or employees acting as repossessors. — ■. ...

(6) NOTIFICATION TO POLICE OR SHERIFF’S DEPARTMENT. — Failure to notify police or sheriff’s department of the jurisdiction in which the personal property is recovered within 24 hours.
This statute was read into evidence over GMAC’s objection and the jury was instructed that a violation of the statute constituted evidence of negligence. We find that this was error.
Chapter 493, Florida Statutes (1975) regulates the actions of private investigative agencies. It requires that “any person, firm, company, partnership or corporation, engaged in the business of furnishing for hire private investigations and which employs one or more full-time or part-time private investigators,” Section 493.01(1), Florida Statutes (1975), be licensed by the state. § 493.02(2), Fla.Stat. (1975). It is undisputed that GMAC is not a licensed detective agency within the purview of Chapter 493, supra. It is equally clear that GMAC does not provide private investigative services as defined by Section 493.01(1), supra, and Florida Administrative Code Rule lC-3.02(l)(a). The inapplicability of Chapter 493, supra, to GMAC is even more apparent by Section 493.11(1), Florida Statutes (1975) which states that Part 1 of Chapter 493, supra, does not apply:
(d) To any person employed as an unarmed special agent, detective, or private investigator exclusively in connection with the affairs of that employer....
Clearly, the individual employee who repossessed the car was a field agent for GMAC employed to repossess cars exclusively for his employer. Since GMAC is not within the purview of Chapter 493, Section 493.-25(6), supra, does not govern its actions.
While the appellee makes a compelling argument that Section 493.25(6), supra, should be liberally construed in light of the purpose of the statute to prevent repossessed property from being reported as stolen, we are bound by the dictates of the Legislature to regulate only as to the specified group. Such a legislative directive cannot be ignored. Consequently, we find that the statute is inapplicable to create a duty on the part of GMAC.
It is axiomatic that in order to maintain a cause of action for negligence, there must be a duty on the part of the defendant to protect the plaintiff from the injury or damage of which he complains. In the present case, the sole breach of duty alleged was the violation of the statute and the case was submitted to the jury solely on that issue. Having determined that there was no duty flowing from Section 493.25, supra, and no general allegations of negligence apart from the alleged statutory vio *603 lation, we find that the complaint failed to state a theory of liability upon which recovery could be predicated. See Louisville and N.R. Co. v. Wade, 46 Fla. 197, 35 So. 863 (Fla.1903).
Because this point has not been properly preserved for appellate review, we are precluded from directing the trial court to enter judgment in favor of the defendant.[1] Consequently, we reverse and remand for proceedings not inconsistent herewith.[2] Since we reverse the judgment against GMAC, we need not consider the other points on appeal.
Reversed and remanded.

. While we oberve that the defendant’s motion for judgment on the pleadings contained the argument that, in the absence of the statutory duty, there is no cause of action against the defendant, this motion was not a sufficient vehicle by which this court could reach that issue. The defendant’s motions for directed verdict did not renew this argument. The most telling omission, and one which we are unable to overlook, is that the defendant filed a post trial motion for a new trial rather than for a judgment to be entered in accordance with a motion for directed verdict. In such a posture, we cannot enter judgment for the defendant.

. Such proceedings may include permission to file an amended complaint upon a viable theory in accordance with Florida Rule of Civil Procedure 1.190 and decisional law. See, e.g., Gold Coast Crane Service, Inc. v. Watier, 257 So.2d 249 (Fla.1971); Plyser v. Hados, 388 So.2d 1284 (Fla. 3d DCA 1980); Fouts v. Margales, 98 So.2d 394 (Fla. 3d DCA 1957).