STONE, Judge.
We affirm[1] a final judgment which is founded on claims both for commissions owed and for fraud. The fraud claim is based upon concealment and misrepresentations incident to inducing Plaintiff/Appellee Brewer *1053 & Company to accept worthless security in exchange for its separate agreement to defer payment of the commission owed under its contract claim.
The two essential issues on appeal arise out of the trial court’s denial of Appellants/Defendants’ post-trial motion for judgment in accordance with a previously made motion for directed verdict, with respect to which the court had reserved ruling, and the trial court’s pre-trial denial of their motion for summary judgment.
We affirm as to the motion for directed verdict because the post-trial motion was untimely. The verdict was entered, received by the court, and delivered to the clerk, and the jury was discharged, all on October 9,1992, a Friday. The verdict form was not clocked in by the clerk’s office until the following Monday, October 12th. Appellants’ post-trial motion for a defense judgment in accordance with the prior motion for directed verdict was not made until October 21st.
Appellee moved to strike the post-trial motion as not timely made within ten days of reception of the verdict as required by rule 1.480(b), Florida Rules of Civil Procedure. That rule provides:
(b) Reservation of Decision on Motion. When a motion for a directed verdict made at the close of all of the evidence is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion. Within 10 days after the reception of a verdict, a party who has moved for a directed verdict may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with the motion for a directed verdict or, if a verdict was not returned, such party may move for judgment in accordance with the motion for a directed verdict within 10 days after the jury has been discharged.
Patently, the rule contemplates that when a court fails to grant a motion for directed verdict at the close of the evidence, a party has only ten days after reception of the verdict to move for a judgment in accordance with the motion even in eases in which the trial court has deferred ruling on the motion. Failure to timely file is a waiver. See Johnson v. New York, N.H. & H.R. Co., 344 U.S. 48, 50-53, 73 S.Ct. 125, 127-28, 97 L.Ed. 77 (1952) (construing a similar federal rule to forbid the trial judge from entering judgment on an untimely motion even if the court specifically reserved ruling on it at trial).
We have considered Relyea v. State, 385 So.2d 1378 (Fla. 4th DCA 1980), but deem it inapposite. There, we held that the trial court could consider a renewed motion for directed verdict filed after the ten days had run. However, the trial court in Relyea had ruled, after discharging the jury, that the reserved motions remained pending and directed counsel to submit proposed orders on the pending motions. All parties were considered as having agreed to the procedure followed by the court. We specifically acknowledged then that we were not applying the general rule due to the unusual circumstances and limited the opinion accordingly. Generally, however, the rule requires the movant to make a timely post-trial motion. We see no reason to construe the rule differently in cases where a court defers ruling on a directed verdict motion from those in which the motion for directed verdict is denied. Because we affirm the post-trial ruling on the timeliness issue, the argument on the merits of the directed verdict motion is moot.
We also find no error in the trial court’s denial of summary judgment. At the time of the motion, material issues of fact remained, both on the Plaintiffs’ commission claim and the tort claim. The record contained not only proof of a cause of action for commissions owed but also separate proof of totally distinct fraudulent conduct occurring subsequent to and independent of the events evidencing the contract claim. See L. Luria & Son, Inc. v. Honeywell, Inc., 460 So.2d 521 (Fla. 4th DCA 1984); Williams Elec. Co. v. Honeywell, Inc., 772 F.Supp. 1225, 1237-38 (N.D.Fla.1991); Burton v. Linotype Co., 556 So.2d 1126, 1128 (Fla. 3d DCA 1989), rev. denied, 564 So.2d 1086 (Fla.1990).
As it is undisputed that the amount of the judgment should be $27,000 plus punitive *1054 damages and not $30,000, we remand for an appropriate modification.
POLEN and KLEIN, JJ., concur.

. But for a stipulated remand to correct the amount.