770 So.2d 202 (2000)
INDUSTRIAL AFFILIATES, LTD., and Industrial Investors, Ltd., as General Partner of Industrial Affiliates, Ltd., Appellants,
v.
Roberto TESTA and Carmen Testa, his wife, Appellees.
No. 99-2374.
District Court of Appeal of Florida, Third District.
October 4, 2000.
*203 Diane H. Tutt, Plantation, for appellants.
Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, P.A., and Joel Eaton, Miami, for appellees.
Before JORGENSON, COPE and RAMIREZ, JJ.
COPE, J.
Industrial Affiliates, Ltd., defendant below, appeals a judgment against it in a trip-and-fall case. We affirm.

I.
Industrial Affiliates is the owner of a warehouse park. Plaintiff Roberto Testa was employed by an aircraft service company which leased one of the warehouse spaces. It was plaintiffs habit to arrive at work at 6:00 a.m., forty-five minutes before his shift started, to take exercise by walking around the block containing the warehouse.
One morning plaintiff varied his route by walking across a grassy area normally used for parking by an adjacent business. As the sun had not yet risen, it was still dark. Plaintiff tripped and fell, breaking his hip. There were roots and debris in the area.
The landlord conceded that it was responsible for maintaining the area where the plaintiff fell. Plaintiff sued the landlord for failure properly to maintain the area. The jury returned a verdict in the plaintiffs favor, finding the landlord 90 percent negligent and the plaintiff 10 percent negligent.

II.
The landlord contends that the evidence of negligence was legally insufficient to go to the jury. The landlord made motions for directed verdict during trial, which were denied.
After trial, the landlord did not renew this request by moving for entry of judgment in accordance with its earlier motion for directed verdict. See Fla. R. Civ. P. 1.480(b). Plaintiff argues, and we agree, that the point is not properly preserved for appellate review.
Rule 1.480(b) provides in part:
(b) Reservation of Decision on Motion. When a motion for a directed verdict made at the close of all of the evidence is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion. Within 10 days after the return of a verdict, a party who has timely moved for a directed verdict may serve a motion to set *204 aside the verdict and any judgment entered thereon and to enter judgment in accordance with the motion for a directed verdict.
Even though the trial court orally denied the motions for directed verdict during trial, the rule treats the denial as constituting a reservation of ruling. Thus, in order to preserve the point for appellate review, it was necessary for the landlord to renew this issue by appropriate post-trial motion. See Fulton County Administrator v. Sullivan, 753 So.2d 549, 553-54 (Fla. 1999); Adee Resort Corp. v. Brewer & Co., Inc.. 653 So.2d 1052, 1053 (Fla. 4th DCA 1995); Juan Ramirez, Jr., Florida Civil Procedure § 19-12, at 846 (2d ed. 1997); The Florida Bar, Florida Civil Trial Practice § 6.23 at 6-24 (5th ed. 1998); Bruce J. Berman, Florida Civil Procedure ¶ 480.8[2], at 572-73 (1999); 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2540, at 368 (2d ed. 1995) (construing Federal Rule of Civil Procedure 50(b)).[1]
The landlord argues that under Philpot v. Bouchelle, 411 So.2d 1341 (Fla. 1st DCA 1982), and City of Miami v. Lewis, 112 So.2d 268 (Fla. 3d DCA 1959), all that is necessary to preserve the issue for appellate review is to move for a directed verdict during trial. See 411 So.2d at 1342, 112 So.2d at 269. But those cases do not specifically address whether it is necessary to renew the issue in a post-trial motion. Under the authorities cited above, a post-trial motion is necessary.[2]

III.
The landlord contends that the trial court should have granted its special jury instruction, and a proposed interrogatory verdict, asking the jury to determine whether the plaintiff was an invitee in the industrial park. The landlord's position was that the plaintiff was a business invitee only so long as he was within the warehouse leased by his own employer, M & M Aircraft Services.
According to the landlord, if the plaintiff went elsewhere in the industrial park, he was an invited licensee or a trespasser. The proposed instruction and interrogatory verdict form advised the jury that it could find in favor of the plaintiff only if it found as a factual matter that he had been invited onto the land by the landlord. The trial court rejected the landlord's proposed special instruction and verdict form, and we entirely agree.
The landlord here operated a warehouse park. We think an employee of a tenant, like the plaintiff here, enjoys the status of an invitee not only with respect to the employer's leased space, but also with respect to what the evidence showed to be, in practice, the common areas of the office park. See Post v. Lunney, 261 So.2d 146, 148 (Fla.1972) ("`A business visitor is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land.'") (emphasis added).
Affirmed.
NOTES
[1] The motion would normally be entitled motion for judgment notwithstanding verdict or motion for judgment in accordance with prior motion for directed verdict. See Fla. R.App. P. 9.020(h). However, if the motion is mislabeled, the court will look to the substance of the motion, not the label. Thus, in Fulton County Administrator, the court held that preservation was sufficient where the movant had raised the issue post-trial in a motion for new trial. See 753 So.2d at 553. On this procedural point the Fulton County Administrator case overrules that part of General Motors Acceptance Corp. v. City of Miami Beach, 420 So.2d 601 (Fla. 3d DCA 1982), which held that a motion for new trial was not a proper vehicle for a post-trial request for judgment in accordance with a previous motion for directed verdict. See 420 So.2d at 603 n. 1.
[2] Assuming arguendo the point was preserved for appellate review, we are satisfied in any event that the evidence was legally sufficient.