955 So.2d 1151 (2007)
COMMERCIAL CAPITAL RESOURCES, LLC, and Leslie Gross, individually and as Trustee of Various "Leslie Jay Gross Trusts," Appellants,
v.
Paul GIOVANNETTI, Appellee.
No. 3D06-1716.
District Court of Appeal of Florida, Third District.
March 28, 2007.
Carlton Fields, P.A., Tampa, and Matthew J. Conigliaro, St. Petersburg, for appellants.
Kozyak Tropin & Throckmorton, P.A., and David P. Milian, Coral Gables, for appellee.
Before GERSTEN, CORTIÑAS, and ROTHENBERG, JJ.
ROTHENBERG, Judge.
The appellants, Commercial Capital Resources, LLC ("CCR") and Leslie Gross ("Gross"), individually and as Trustee of the Various "Leslie Jay Gross Trusts," *1152 appeal an order of the trial court enforcing a confidential settlement agreement ("settlement agreement") entered into by CCR, Gross, and the appellee, Paul Giovannetti ("Giovannetti"). Because we find that the terms of the settlement agreement are ambiguous, we reverse and remand.
Gross and Giovannetti were business partners who founded CCR, a licensed mortgage lender that provides financing for the acquisition and development of real estate projects. The business partners ultimately had a falling out and in late 2005, Gross, individually and derivatively on behalf of CCR, sued Giovannetti, alleging that Giovannetti had been wasting and misappropriating CCR's business assets and opportunities. In response, Giovannetti filed derivative counterclaims against Gross, both in Gross' individual capacity and in his capacity as Trustee of Various "Leslie Jay Gross Trusts," alleging that Gross breached his fiduciary duties to Giovannetti and to CCR. Prior to trial, however, Gross and Giovannetti executed a settlement agreement, wherein Giovannetti agreed to sell his member interest in CCR to Gross in exchange for $1,000,000.00. Both Giovannetti and Gross agreed to exchange general releases and other related documents as per the terms of the settlement agreement. Paragraph 7 of the settlement agreement states, in pertinent part, that:
[Gross], CCR . . . and all other named parties and defendants joined in the pending litigation will execute general releases in favor of [Giovannetti]. . . . [Giovannetti] . . . will execute general releases in favor of [Gross], CCR . . . and all other named parties and defendants joined in the pending litigation. . . . [Gross] agrees that in his capacity as "trustee" of any trust . . . without prejudice to his fiduciary obligations or duty to provide proper and necessary notice and disclosures to investors, that he will refrain from taking any action [sic] initiate or to solicit the investors to initiate a law suit against [Giovannetti], and that if any such action is brought against [Giovannetti], [Gross] will resign as trustee from any trust involved in or bringing the action.
Subsequently, pursuant to the parties' joint motion, the trial court approved the settlement agreement, dismissed the pending claims with prejudice, and retained jurisdiction to enforce the terms of the settlement agreement. Gross and Giovannetti were, however, unable to agree on the language of the releases required under the settlement agreement. Specifically, the dispute concerned Gross' refusal to execute a general release in his capacity as trustee waiving all claims held by the trusts and its investors. Giovannetti filed a motion to enforce the settlement agreement, alleging that pursuant to the clear and unambiguous terms of paragraph 7 of the settlement agreement, Gross was required to execute a general release in his capacity as trustee of the trusts, without limitation in scope, including any and all claims held by the trusts and its investors. Conversely, Gross argued that the plain and unambiguous language of the settlement agreement did not require a release of the trusts' and its investors' claims. Gross argued that in fact, paragraph 7 clearly and expressly anticipates that the trusts and its investors could bring claims against Giovannetti since Gross is prohibited from soliciting such claims and is required to resign as trustee of any trust that brings such claim.
After a non-evidentiary hearing, the trial court, apparently agreeing with Giovannetti that the plain and unambiguous language of the settlement agreement requires that Gross provide a general release in his capacity as trustee waiving any and all claims held by the trusts and its investors, granted Giovannetti's motion to enforce *1153 the settlement agreement. Gross appeals this order, alleging, in pertinent part, that as the language in the settlement agreement is susceptible to more than one reasonable meaning, it is ambiguous, and consequently, the trial court erred in resolving Giovannetti's motion as a matter of law without holding an evidentiary hearing to determine the intention of the parties. We agree.
Settlement agreements are contractual in nature and are therefore, interpreted and governed by contract law. Barone v. Rogers, 930 So.2d 761, 763-64 (Fla. 4th DCA 2006); Cadle Co. v. Schecter, 602 So.2d 984, 985 (Fla. 3d DCA 1992). Construction of contractual terms is a question of law, which we review de novo, "provided that the language is clear and unambiguous and free of conflicting inferences." Miller v. Kase, 789 So.2d 1095, 1097 (Fla. 4th DCA 2001); see also Gray v. D & J Indus. Inc., 875 So.2d 683, 683 (Fla. 3d DCA 2004)("The construction of a contract is a question of law for the courts to determine where the language used in the written contract is clear, unambiguous, and susceptible to only one interpretation."). Where the contractual language is clear and unambiguous, "courts may not indulge in construction or modification and the express terms of the settlement agreement control." Sec. Ins. Co. of Hartford v. Puig, 728 So.2d 292, 294 (Fla. 3d DCA 1999). However, where the wording of an agreement is ambiguous, its interpretation involves questions of fact, precluding summary disposition and requiring an evidentiary hearing. Barone, 930 So.2d at 764.
Where a contract is susceptible to two different interpretations, each one of which is reasonably inferred from the terms of the contract, the agreement is ambiguous. Miller, 789 So.2d at 1097-98. In this instance, each side asserts that the terms of the settlement agreement are clear and unambiguous, albeit "the `only reasonable interpretation' as seen by the appellant[s] is materially different from the `only reasonable interpretation' advocated by the appellee[]." Okeelanta Corp. v. Bygrave, 660 So.2d 743, 747 (Fla. 4th DCA 1995)(quoting Royal Am. Realty, Inc. v. Bank of Palm Beach & Trust Co., 215 So.2d 336, 338 (Fla. 4th DCA 1968)). Based on our de novo review of the settlement agreement, we find that the terms thereof are susceptible to more than one reasonable interpretation, thereby rendering the settlement agreement ambiguous. We therefore conclude that the trial court erred in granting Giovannetti's motion to enforce the settlement agreement without holding an evidentiary hearing to determine the intent of the parties. Accordingly, we reverse and remand to the trial court for an evidentiary hearing to resolve the ambiguity based on all of the relevant evidence bearing on the issue.
REVERSED and REMANDED.