[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11662
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 3, 2011
JOHN LEY
CLERK

D.C. Docket No. 3:09-cv-00168-MCR

JOHN M. FLOYD & ASSOCIATES, INC.,

                                                                 Plaintiff - Appellant,

versus

FIRST FLORIDA CREDIT UNION,

                                                                 Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 3, 2011)

Before CARNES, BARKETT, and FAY, Circuit Judges.

PER CURIAM:

John M. Floyd & Associates, Inc. (JMFA) appeals the district court's grant of summary judgment in favor of defendant First Florida Credit Union. JMFA contends that the district court erred when it found that First Florida had not breached its contract with JMFA.

I.

On December 29, 2005, First Florida entered into a contract with JMFA, a financial consulting firm, to use an overdraft fee program developed by JMFA. First Florida agreed to pay JMFA 14% of any increased profits resulting from the program beginning in June 2006 and lasting for 24 months. The "Confidentiality" provision of that contract stated:

> The contents of this proposal should be treated as confidential material between John M. Floyd & Associates and First Florida Credit Union. We agree that neither John M. Floyd & Associates nor any of our employees or contractors will use or disclose any data about First Florida Credit Union as a result of this consulting engagement that is not published call report information, without prior written consent from First Florida Credit Union. We understand that we may use the data in our database as long as there is no reference to First Florida Credit Union. First Florida Credit Union agrees that they will not share any recommendations or materials from this study with anyone not affiliated with First Florida Credit Union. If any recommendations or materials or software are shared or adopted either in their original or modified form by other member institutions, companies or affiliated financial institutions of First Florida Credit Union or its holding company, or <u>if First Florida Credit Union either acquires or is acquired by another financial institution, then First Florida Credit Union agrees to compensate John M. Floyd & Associates on the same terms as stated in</u>

2

the proposal agreement.  This provision shall survive the termination of this agreement.

(emphasis added).  In January 2007 First Florida merged with another financial institution, with First Florida being the surviving financial institution.  First Florida continued paying JMFA until July 2009, the full 24-month term it had agreed to in the contract.

After the last payment of that term was made, JMFA filed a lawsuit claiming that First Florida had breached the parties' contract.  It argued that when First Florida merged with the other financial institution the contract automatically extended another 24 months from the date of the merger.  Specifically, JMFA argued that because "[First Florida] agree[d] to compensate [JMFA] on the same terms as stated in the proposal agreement" if First Florida ever acquired another financial institution that meant the contract automatically renewed for another 24 months "on the same terms" as the original contract.  Thus JMFA asserted that when First Florida stopped paying at the end of the 24 months in June 2009 it breached the contract.

First Florida moved for summary judgment.  Rejecting JMFA's interpretation of the contract, the district court reasoned that "[t]he Confidentiality provision does not state anything about different or extended billing periods or

3

how compensation is calculated after a merger except to note that [First Florida] agrees to compensate [JMFA] 'on the same terms as stated in this proposal agreement.'" The court concluded that JMFA's interpretation would impose new contractual rights and obligations, which was contrary to the plain meaning of "same terms." Thus JMFA's interpretation was unreasonable.

The district court agreed with First Florida's interpretation that the "same terms" only required First Florida to continue, after the merger, to pay JMFA 14% of the increased non-interest income for the original 24-month period. Because First Florida had made the required 24 monthly payments, the court found it had not breached the contract and granted its motion for summary judgment.

This is JMFA's appeal. It argues that there are two reasonable interpretations of the confidentiality provision, making the provision ambiguous. It concedes that First Florida's interpretation of the contract is reasonable, but it argues that its interpretation is reasonable as well.

II.

"We review <u>de novo</u> the threshold question of whether a contract is ambiguous." <u>Frulla v. CRA Holdings, Inc.</u>, 543 F.3d 1247, 1252 (11th Cir. 2008). Under Florida law,[1] "[w]hen a contract is ambiguous, an issue of fact is created

---

[1] Under the terms of the contract, Florida law governs.

4

that cannot be resolved by summary judgment." Talbott v. First Bank Fla., 59 So. 3d 243, 244 (Fla. 4th DCA 2011). Interpretation of an unambiguous contract, however, is a question of law which can be resolved on summary judgment. See PNC Bank, N.A. v. Progressive Emp'r Servs. II, 55 So. 3d 655, 658 (Fla. 4th DCA 2011) ("[C]onstruction of a contract is a question of law which an appellate court may consider de novo provided the language is clear and unambiguous . . . ." (quotation marks omitted)).

"A contract is ambiguous where it is 'susceptible to two different interpretations, each one of which is reasonably inferred from the terms of the contract.'" Frulla, 543 F.3d at 1252 (quoting Commercial Capital Res., LLC v. Giovanetti, 955 So. 2d 1151, 1153 (Fla. 3d DCA 2007)). Thus ambiguity arises when there are two reasonable interpretations of a contract. See id. The district court held, and JMFA concedes in its briefs to this Court, that First Florida's interpretation was reasonable. JMFA argues that the Confidentiality provision can also reasonably mean that First Florida owed it 24 additional months of payments beginning on the date of the merger. We disagree.

When interpreting contracts under Florida law, we give words their plain meaning. Golf Scoring Sys. Unlimited, Inc. v. Remedio, 877 So. 2d 827, 829 (Fla. 4th DCA 2004) ("Words should be given their natural meaning or the meaning

5

most commonly understood . . . ." (quotation marks omitted)).  The relevant words here are "compensate [JMFA] on the same terms."  What JMFA argues would require this Court to decide that "the same terms" doesn't mean "the same terms" at all.

The interpretation JMFA champions would require inserting words into the Confidentiality provision.  It would rewrite the provision to state that First Florida was required to "compensate [JMFA] <u>for an additional 24 months</u> on the same terms."  But that language is not there.  An interpretation is not reasonable if it requires rewriting the contract to add language that a party omitted and in order to impose an obligation on the other party that was not in the original bargain.  <u>See</u> <u>Ferreira v. Home Depot/Sedgwick CMS</u>, 12 So. 3d 866, 868 (Fla. 1st DCA 2009) ("[I]t is never the role of a trial court to rewrite a contract to make it more reasonable for one of the parties."); <u>Hill v. Deering Bay Marina Ass'n, Inc.</u>, 985 So. 2d 1162, 1166 (Fla. 3d DCA 2008) ("As this and many other courts have stated, courts do not rewrite contracts."); <u>BMW of N. Am., Inc. v. Krathen</u>, 471 So. 2d 585, 587 (Fla. 4th DCA 1985) ("[W]here a contract is silent as to a particular matter, courts should not, under the guise of construction, impose on parties contractual rights and duties which they themselves omitted.").  Because JMFA's interpretation is unreasonable, it does not establish that there is an

ambiguity in the contract.  See Frulla, 543 F.3d at 1252.  Without ambiguity there was no genuine issue of material fact, and the district court did not err by granting summary judgment on JMFA's breach of contract claim.

    **AFFIRMED.**