ROTHENBERG, J.

INTRODUCTION

This is a foreclosure case. The lender, IndyMac Federal Bank FSB (“the Bank”), foreclosed on and subsequently purchased Kevin J. Hagan and Monica P. Hagan’s (collectively, “the Hagans”) property at a foreclosure sale. After the clerk issued a certifícate of sale, the Hagans filed a motion which they characterize as both an objection to the foreclosure sale and motion to vacate the final judgment of foreclosure. Over the Bank’s objection, the trial court set the motion for an evidentia-ry hearing. Before the evidentiary hearing was conducted, however, the Bank filed a motion for the issuance of a certificate of title to the subject property. The trial court entered an interlocutory order — from which this appeal is taken— declining to issue the certificate of title prior to resolving the Hagans’ objection to the foreclosure sale and motion to vacate the final judgment. We have jurisdiction. See Fla. R.App. P. 9.130(a)(3)(C)(ii). Because the (1) objection to the foreclosure sale was facially deficient and (2) the motion to vacate the final judgment was time-barred, there was no valid basis for declining to issue the certificate of title sought by the Bank. We therefore reverse and remand for the immediate issuance of the certificate of title.

FACTUAL AND PROCEDURAL POSTURE

On May 11, 2006, the Bank issued the Hagans a $484,000 loan that was secured by a note and mortgage on their property. On October 1, 2008, the Hagans discontinued remitting their monthly mortgage payments and thereby defaulted on the terms of their loan. As a result, the Bank filed this action on February 3, 2009, seeking to foreclose on the Hagans’ property.
On May 26, 2009, the Bank filed a motion for summary judgment. On September 30, 2009, after conducting a hearing, the trial court entered final judgment of foreclosure in favor of the Bank. In the final judgment, the trial court ordered that the Hagans’ property be publicly auctioned and that the subsequent purchaser must file a certificate of title prior to taking possession of the property. The Hagans did not file a motion for rehearing or appeal the final judgment.
On February 23, 2011, the Bank purchased the subject property at the foreclosure sale. The clerk thereafter issued the Bank a certificate of sale on March 2, 2011. Two days later, on March 4, 2011, the Hagans filed their objection to the foreclosure sale and motion to vacate the final judgment. In the motion, the Hagans did not challenge any conduct that occurred at, or which related to, the foreclosure sale. Rather, the Hagans alleged that the judgment of foreclosure must be set aside because the Bank committed a fraud on the trial court in two respects.
First, the Hagans noted that the Bank had filed the Hagans’ original note and mortgage on the day of the summary judgment hearing. Thus, the Hagans argued that those items of evidence were untimely under Florida Rule of Civil Procedure 1.510(c), and that the Bank committed a fraud on the trial court by relying on them without alerting the trial court to their untimeliness.
Second, the Hagans argued that the Bank had attached a fraudulent affidavit of indebtedness, executed by Ms. Ericka Johnson-Seck, to its summary judgment motion. In the affidavit, Ms. Johnson-Seck stated that she was the Bank’s custodian of records; alleged that the Bank was the holder of the Hagans’ note and mortgage; confirmed that the Hagans were in default; and specified the amounts due *1235 and owing. The Hagans contended that this information was fraudulent because at the time Ms. Johnson-Seck executed her affidavit, the Bank was no longer the holder of the Hagans’ note and mortgage or Ms. Johnson-Seck’s employer. Instead, the Hagans alleged that, by that time, OneWest Bank, FSB (“the Successor Bank”), which acquired substantially all of the Bank’s assets during this litigation, was the holder of the Hagans’ note and mortgage and Ms. Johnson-Seck’s employer. Thus, the Hagans argued that (1) the Bank committed a fraud on the trial court by presenting false information in support of its foreclosure claim, and (2) Ms. Johnson-Seck executed her affidavit without proper notarization; without having any personal knowledge of the Hagans’ note and mortgage; and, given the obvious informational errors, without even reviewing the content of the affidavit.
In further support of their fraud allegations, the Hagans noted that on December 29, 2010, after the final judgment was entered, but prior to the foreclosure sale, the Bank filed an affidavit executed by Ms. Sonja Stevens, the custodian of records for the Successor Bank. The notice of filing stated that Ms. Stevens’s affidavit was intended to “correct the form” of Ms. Johnson-Seck’s previously filed affidavit “without altering [its] substantive content.” In the newly-filed affidavit, however, there was no explanation of the errors in the “form” of Ms. Johnson-Seck’s affidavit that warranted correction. Ms. Stevens merely stated that the Successor Bank was the then-current holder of the Hagans’ note and mortgage, and confirmed that all of the information in Ms. Johnson-Seck’s affidavit pertaining to the Hagans’ default, including the amounts due and owing, was correct. Thus, the Hagans advanced the inference that the “form” intended to be corrected by Ms. Stevens’s affidavit was the fraud allegedly committed by the Bank in proffering Ms. Johnson-Seck’s affidavit.
The trial court conducted a hearing on the Hagans’ objection to sale and motion to vacate, but deferred ruling pending an evidentiary hearing at which Ms. Johnson-Seck was to appear personally. The Bank filed a motion for reconsideration, arguing against further delay on the basis that the objection to the foreclosure sale was facially deficient and that the relief sought was time-barred. That motion was denied.
Thereafter, on February 28, 2010, the Bank filed a motion for the issuance of the certificate of title. The trial court denied the motion, indicating that it would not issue the certificate of title prior to conducting an evidentiary hearing and ruling on the Hagans’ objection to the foreclosure sale and motion to vacate the final judgment. The evidentiary hearing occurred on April 11, 2012, but Ms. Johnson-Seck did not appear. Before the trial court ruled on the Hagans’ objection to the foreclosure sale and motion to vacate the final judgment, the Bank filed this appeal from the denial of its motion for the issuance of the certificate of title.

DISCUSSION

On appeal, the Bank contends that only a facially cognizable objection to a foreclosure sale warrants a delay in the issuance of a certificate of title to resolve the objection. On this reasoning, the Bank argues that the Hagans’ motion, although partially titled “objection to the foreclosure sale,” was facially deficient because it did not challenge any conduct that occurred at, or which related to, the foreclosure sale. According to the Bank, when the substance, rather than the title, is considered, the Hagans’ motion is merely a time-barred motion to vacate the final judgment. Thus, the Bank contends that the trial court erred in delaying the issuance of the *1236 certifícate of title pending the resolution of the Hagans’ facially deficient objection to the foreclosure sale and time-barred motion to vacate. We agree.
The procedures governing judicial sales are outlined in section 45.031, Florida Statutes (2012). With respect to the issuance of a certificate of title, section 45.081(5) provides, in pertinent part, that “[i]f no objections to the sale are filed within 10 days after filing the certificate of sale, the clerk shall file a certificate of title and serve a copy of it on each party .... ” (emphasis added). The “shall” language confirms that the instruction is mandatory, creating “an obligation impervious to judicial discretion.” City of St. Petersburg v. Remia, 41 So.3d 322, 326 (Fla. 2d DCA 2010).
In determining whether a document constitutes an objection to a foreclosure sale, a trial court may not merely rely on the title of the document. With respect to the characterization of motions, Florida courts place substance over form. In other words, “if the motion is mislabeled, the court will look to the substance of the motion, not the label.” Indus. Affiliates, Ltd. v. Testa, 770 So.2d 202, 204 n. 1 (Fla. 3d DCA 2000); see also Fire & Cas. Ins. Co. of Conn. v. Sealey, 810 So.2d 988, 992 (Fla. 1st DCA 2002) (‘We agree that the true nature of a motion must be determined by its content and not by the label the moving party has used to describe it.”). Thus, to justify a delay in the issuance of a certificate of title, the substance of the filing must constitute an objection to the foreclosure sale.
Florida case law is clear that the substance of an objection to a foreclosure sale under section 45.031(5) must be directed toward conduct that occurred at, or which related to, the foreclosure sale itself. As this Court has noted, the purpose of allowing an objection to a foreclosure sale “is to afford a mechanism to assure all parties and bidders to the sale that there is no irregularity at the auction or any collusive bidding, etc.” Emanuel v. Bankers Trust Co., N.A., 655 So.2d 247, 250 (Fla. 3d DCA 1995) (emphasis added); see also CCC Props., Inc. v. Kane, 582 So.2d 159, 161 (Fla. 4th DCA 1991) (noting that “the statute’s provision for filing objections refers to the objections to the conduct of the sale as provided by the judgment and/or the statute”) (emphasis added). Thus, it is well settled that “[i]n order to vacate a foreclosure sale, the trial court must find: (1) that the foreclosure sale bid was grossly or startlingly inadequate; and (2) that the inadequacy of the bid resulted from some mistake, fraud or other irregularity in the sale.” Mody v. Cal. Fed. Bank, 747 So.2d 1016, 1017-18 (Fla. 3d DCA 1999) (citing Arlt v. Buchanan, 190 So.2d 575, 577 (Fla.1966)) (emphasis added). At a minimum, then, an objection to a foreclosure sale must allege these facts. See Indian River Farms v. YBF Partners, 111 So.2d 1096, 1098 (Fla. 4th DCA 2001) (affirming the trial court’s summary denial of the appellant’s objections to a foreclosure sale because “the objections did not raise any defect or irregularity with regard to the foreclosure sale itself nor with the inadequacy of price or any allegation that there was a mistake, accident, surprise, misconduct, fraud or irregularity in the sale itself’).
Under this standard, the Hagans’ purported objection to the foreclosure sale was facially deficient as a matter of law. Although partially titled “objection to the foreclosure sale,” the substance of the Ha-gans’ motion did not challenge any conduct that occurred at, or which related to, the foreclosure sale itself. Instead, the Ha-gans argued that the Bank engaged in fraudulent conduct during the course of the litigation by presenting misleading *1237 information on issues tried before the trial court. Most significantly, the Hagans alleged that the Bank misrepresented that it, rather than the Successor Bank, was the holder of the Hagans’ note and mortgage at the time Ms. Johnson-Seck executed her affidavit. Although such conduct, if in fact committed by the Bank, would have constituted an intrinsic fraud on the trial court, see Parker v. Parker, 950 So.2d 388, 391 (Fla.2007) (defining intrinsic fraud as “the presentation of misleading information on an issue before the court that was tried or could have been tried”), it was entirely removed from, and unrelated to, the foreclosure sale. Because the Hagans did not allege that the foreclosure sale bid was grossly or startlingly inadequate or that the inadequacy of the bid resulted from some mistake, fraud, or other irregularity in the sale, the trial court should have summarily denied the Hagans’ purported objection to the foreclosure sale.
Nor did the Hagans’ motion to vacate the final judgment provide a justification for the delay in the issuance of the certificate of title. As we explained above, the Hagans’ allegations are accurately construed as a challenge to intrinsic fraud. Florida Rule of Civil Procedure 1.540 provides that a party may seek relief from a final judgment on the basis of intrinsic fraud, but must do so within one year from the date the judgment is entered:
(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc. On motion and upon such terms as are just, the court may relieve a party or a party’s legal representative from a final judgment ... for the following reasons: ... (3) fraud (whether heretofore denominated intrinsic or extrinsic).... The motion shall be filed within a reasonable time, and for reasons (1), (2), and (3) not more than 1 year after the judgment ... was entered or taken.
See also Parker, 950 So.2d at 391 (“Under rule 1.540(b), relief from a judgment based on intrinsic fraud must be sought by motion within one year of its entry.”).
In this case, the Hagans filed their motion to vacate the final judgment outside the one-year window set forth in rule 1.540(b). Because the trial court entered final judgment on September 30, 2009, the Hagans’ opportunity to seek relief from the final judgment on intrinsic fraud grounds expired on September 30, 2010. The Hagans, however, did not file their motion to vacate the final judgment until March 4, 2011, approximately five months too late. As a result, the Hagans’ motion was time-barred, and should have been summarily denied by the trial court.
Finally, we reject the Hagans’ contention that the Bank’s filing of Ms. Stevens’s affidavit on December 29, 2010, “reopened the door” to an intrinsic fraud challenge. To begin with, the Hagans have cited no authority to support this theory. More importantly, the Hagans did not allege, and do not contend, that Ms. Stevens’s affidavit itself contained any fraudulent information. At best, they argue that Ms. Stevens’s affidavit merely supports an inference that Ms. Johnson-Seck’s affidavit, which was filed prior to the entry of final judgment, was fraudulent. Absent an allegation that Ms. Stevens’s affidavit itself was fraudulent, we reject the Hagans’ argument that the Bank reopened the door to an intrinsic fraud challenge.

CONCLUSION

The trial court’s justification for delaying the issuance of the certificate of title beyond the ten-day statutory period was legally without merit. The Hagans’ purported objection to the foreclosure sale did *1238 not set forth a colorable claim for relief, and was therefore facially deficient as a matter of law. Further, the Hagans’ motion to vacate the final judgment, which challenged intrinsic fraud, was time-barred because it was filed more than one year after the judgment was entered. As a result, we reverse and remand for the immediate issuance of the certificate of title.
Reversed and remanded.