PER CURIAM.
We reverse three aspects of the damage award in this case involving the withdrawal of a partner from his law firm.
“ ‘The interpretation of a written contract is a question of law' and the appellate court construes the contract ‘under a de novo standard of review.’” Command Sec. Corp. v. Moffa, 84 So.3d 1097, 1099 (Fla. 4th DCA 2012) (quoting Gilman Yacht Sales, Inc. v. FMB Invs., Inc., 766 So.2d 294, 296 (Fla. 4th DCA 2000)). Notably, “construction of contractual terms is a question of law, which we review de novo, ‘provided that the language is clear and unambiguous and free of conflicting inferences.’ ” Commercial Capital Resources, LLC v. Giovannetti, 955 So.2d *311 1151, 1152 (Fla. 3d DCA 2007) (quoting Miller v. Kase, 789 So.2d 1095, 1097 (Fla. 4th DCA 2001)).
The partner’s withdrawal from the law firm was governed by the terms of the applicable partnership agreement. In pertinent part, that agreement provided that the withdrawal of a non-retiring partner “shall immediately terminate that individual’s Partnership Interest and any interest claimed by that Partner in and to any life insurance policies owned by the Partnership.” Such a termination “release[d] and conveye[d] to the then remaining Partners all of the withdrawing non-retiring Partner’s right, title and interest in and to the Partnership business, assets and service marks.”
The continuing partnership was required to pay the withdrawing partner the value of that partner’s interest in “Firm capital” to be computed according to a “calculation” provision of the agreement.
That calculation provision set out the following equation: (partner’s capital account balance as of December 31 of the year preceding the termination of interest) + (any “contributions or additions to capital” made by the partner since the previous December 31) - (any returns of capital made to the partner or other capital account reductions such as draws, advances, or loans, since the previous December 31) - (any “income allocations” for the year of termination) = partner’s payout of firm capital.
The trial court erred in its interpretation of the partner’s “contributions or additions to capital.” The court found that the partner was entitled to 10% of the net asset value of the firm.
' The “conveyance” of partner’s “right, title and interest in and to the Partnership business, assets and service marks” under the terms of the agreement was not a “contribution or addition of capital.” The firm’s “capital” did not change as a result of the fictional conveyance created by the partnership agreement. As the law firm acknowledges, the only change that resulted from the conveyance was that, after the partner’s withdrawal, the remaining partners “became one-ninth owners” in the firm.
A second error involved the trial court’s award of “income allocation.” The court determined that, as a 10% partner, the partner was entitled to 10% of the income shown on the firm’s books as of the date of the partner’s withdrawal. This mechanical approach ignored the language of the applicable portion of the partnership agreement which provided that a partner’s share of firm profits was to be determined by the law firm’s compensation committee after the payment of certain significant expenses. Having agreed to this method of allocating partnership profits, the partner, by his withdrawal from the law firm, was not entitled to a unilateral amendment of the method of allocating profits between partners.
Finally, we reverse the cost award. A provision of the applicable agreement stated that in litigation under the agreement, “each party shall bear their own attorney’s fees, costs and expenses incurred by it, regardless of who is the prevailing party.” We reject the partner’s rebanee on section 19.5 of the agreement, because it applies to a “retired” partner, not one that withdrew. The provision was approved by the requisite number partners. The partner’s interpretation of it would give him an individual veto, a notion which conflicts with other provisions of the agreements.
We therefore affirm the award of $511,200; all other portions of the judgment are reversed.

Reversed in part; Affirmed in part.

*312 WARNER, GROSS and MAY, JJ., concur.
GROSS, J., did not participate in oral argument, but has had the opportunity to review the entire proceedings.