# Third District Court of Appeal

## State of Florida

Opinion filed September 8, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-64
Lower Tribunal Nos. 11-15721 SP, 19-286 AP

_____

**Star Casualty Insurance Company,**
Appellant,

vs.

**Gables Insurance Recovery, Inc., a/a/o Jesus Portal,**
Appellee.


An Appeal from the County Court for Miami-Dade County, Patricia Marino Pedraza, Judge.

Hunker Appeals, and Thomas L. Hunker and Virginia A. Paxton (Fort Lauderdale), for appellant.

The Billbrough Firm, and G. Bart Billbrough, for appellee.


Before EMAS, LOGUE and SCALES, JJ.

EMAS, J.

Star Casualty Insurance Company, defendant below, appeals final judgment entered against it in a breach of contract action filed by Gables Insurance Recovery, Inc. ("Gables"), following the trial court's denial of its motion to enforce settlement agreement. We reverse and remand for the trial court to conduct an evidentiary hearing.

In 2008, Jesus Portal was injured in an automobile accident and sought medical treatment from, inter alia, Finlay Diagnostic Center, Inc. (x-rays) and Asclepius Medical, Inc. (physical therapy). Portal assigned his no-fault benefits under his insurance policy with Star Casualty Insurance Company to these two medical providers, each of whom later assigned their rights to Gables. In 2011, Gables filed two separate lawsuits against Star Casualty for breach of contract, alleging Star Casualty had improperly calculated the fee structure rate (these two lawsuits will hereinafter be referred to as the "X-Ray litigation" and the "PT litigation.")

On September 15, 2016, Star Casualty confessed judgment in the PT litigation and the parties later entered a settlement agreement. Following this settlement, the X-Ray litigation continued for more than two years, but on June 10, 2019, Star Casualty filed a motion to enforce the 2017 settlement agreement, asserting it had settled "all claims arising out of Portal's motor vehicle accident," including the claims raised in the X-Ray litigation. Gables

2

moved for sanctions and argued that the 2017 settlement was solely for attorney's fees and costs in the PT litigation case and had nothing to do with the X-Ray litigation.

The trial court conducted a non-evidentiary hearing, at which Star Casualty argued the settlement agreement unambiguously encompassed both pending lawsuits, and urged the court not to consider any parol evidence. Gables agreed that the court need not resort to parol evidence because there was no evidence of a "meeting of the minds" to settle the X-Ray litigation. Gables argued, alternatively, that if the court found the material terms of the agreement were ambiguous, the court could consider parol evidence in adjudicating the motion to enforce settlement.

Following argument by counsel, the trial court denied Star's motion to enforce the settlement agreement. Star Casualty then stipulated to a final judgment against it, reserving its right to appeal the denial of its motion to enforce settlement.

Following our de novo review,[1] we hold that the language in the agreement contains a latent ambiguity[2] such that it was necessary for the trial court to conduct an evidentiary hearing and consider parol evidence to determine the intent of the parties to the settlement agreement. See Commercial Cap. Res., LLC v. Giovannetti, 955 So. 2d 1151, 1153 (Fla. 3d DCA 2007) (holding "where the wording of an agreement is ambiguous, its interpretation involves questions of fact, precluding summary disposition and requiring an evidentiary hearing") (quotation omitted); Brickell Fin. Servs. – Motor Club, Inc. v. Road Transp., LLC, 298 So. 3d 62, 67 (Fla. 4th DCA 2020) (same); Nationstar Mortg. Co. v. Levine, 216 So. 3d 711, 715 (Fla. 4th DCA 2017) (noting that "extrinsic evidence . . . is admissible to explain a latent ambiguity . . . because doing so is but to remove the ambiguity by the same kind of evidence as that by which it is created" (internal quotation omitted)).

Reversed and remanded.

---

[1] See Marin v. Infinity Auto Ins. Co., 239 So. 3d 751 (Fla. 3d DCA 2018); Brickell Fin. Servs. – Motor Club, Inc. v. Road Transp., LLC, 298 So. 3d 62, 67 (Fla. 4th DCA 2020 (holding "whether a contract is ambiguous is reviewed de novo.") (quotation omitted).

[2] See Riera v. Riera, 86 So. 3d 1163, 1166 (Fla. 3d DCA 2012) (holding: "A latent ambiguity arises when the language in a contract is clear and intelligible, but some extrinsic fact or extraneous evidence creates a need for interpretation or a choice between two or more possible meanings") (quotation omitted).