DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DONNA MANDELKO,**
Appellant,

v.

**MICHAEL LOPRESTI,**
Appellee.

No. 4D21-2041

[August 17, 2022]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Victoria L. Griffin, Judge; L.T. Case No. 561996DR001334.

Joshua D. Ferraro of Lesser, Lesser, Landy & Smith, West Palm Beach, for appellant.

Karen O'Brien Steger of Steger Law, Stuart, for appellee.

FORST, J.

Appellant Donna Mandelko ("Former Wife") appeals the trial court's order denying her "motion to set aside, clarify, and/or enforce the final judgment of dissolution of marriage." Former Wife argues that the trial court erred in ruling that it lacked jurisdiction to consider her motion. We agree and reverse and remand for the trial court to conduct an evidentiary hearing consistent with this opinion.

## Background

In 1996, Former Wife and Appellee Michael Lopresti ("Former Husband") were divorced. The final judgment approved and incorporated a marital settlement agreement (also referred to as "the mediation agreement"). Paragraph seven of the agreement required the equitable distribution of Former Husband's pension benefits and provided as follows:

> The parties shall each be entitled to one-half share of the husband's retirement account with St. Lucie County Fire Rescue. The date of the division of the retirement account shall be as of August 21, 1996 and each party shall cooperate with the other to effectuate the terms of this provision.

The marital settlement agreement was silent as to the method for valuing and paying the pension benefits. However, the agreement stated that the trial court "reserve[d] jurisdiction over the parties and over all matters contained in this Final Judgment as permitted by law for purposes of enforcement . . . ."

In 2019, Former Wife filed a "motion to set aside, clarify, and/or enforce the final judgment" ("Former Wife's motion"). Former Wife argued that Former Husband is a participant of a municipal pension plan which is not subject to the Employee Retirement Income Security Act, and as a result, the municipal pension plan will not pay her a share of the pension benefits pursuant to a Qualified Domestic Relations Order. Former Wife's motion declared that, "by mutual mistake, the parties fashioned an equitable distribution award that is impossible to perform, untenable and will inevitably lead to compliance issues." As relief, Former Wife requested that the trial court "set aside" the portion of the final judgment pertaining to the division of the pension benefits and fashion a remedy to achieve the equitable distribution contemplated by the final judgment. In support of her argument, Former Wife noted that, under "Florida Rule of Civil Procedure 1.540, . . . the [trial] court may set aside a provision in a Final Judgment based upon mistake, inadvertence, surprise or excusable neglect."

Former's Wife's motion was heard before a magistrate. During the hearing, Former Wife argued that she was essentially trying "to put together an equitable vehicle [in order to get] the money that she was already awarded pursuant to the final judgment." Former Wife proposed several ways that the trial court could effectuate this equitable distribution, such as requiring Former Husband to pay the pension benefits into a joint trust account where Former Wife could then withdraw her share from the joint trust account, or by awarding a higher alimony award to Former Wife in lieu of the pension benefits.

In support of her proposals, Former Wife called the municipal pension plan administrator as a witness. The administrator testified that an actuary had calculated the value of the pension benefits which had accrued during the parties' marriage. According to this calculation, Former Wife's one-half share of the pension benefits was valued as a $164.54 monthly life annuity amount, or in the alternative, as a $1,921.69 lump sum payment.

Neither party disputed the calculation, but rather, the parties disputed which method of distribution was applicable and contemplated by the marital settlement agreement. Former Wife argued that her share of the pension benefits should be paid to her as a monthly life annuity of $164.54, whereas Former Husband argued that the pension benefits should be paid as a single lump sum of $1,921.69.

The magistrate issued a recommended order finding, *inter alia*, that Former Wife was entitled to an equitable distribution of the pension benefits in the form

2

of a life annuity payment of $164.54 per month. To effectuate this distribution, the magistrate directed Former Husband to open a joint account under both parties' names at a mutually agreeable bank and further directed Former Husband to instruct the municipal pension plan to pay $164.54 to the joint account each month.

Former Husband filed an exception to the magistrate's recommendation, arguing that under Florida Rule of Civil Procedure 1.540(b)(1) and/or Florida Family Rule of Procedure 12.540(b)(1), the trial court lacked jurisdiction to consider Former Wife's motion because it was not filed within a year after the entry of the final judgment. The exception was then heard by the trial court.

Subsequently, the trial court issued an order granting the exception and rejecting the magistrate's recommendation on the grounds that the court did not have jurisdiction to consider Former Wife's motion because it was not filed within one year after the entry of the final judgment. The trial court then directed Former Husband to pay Former Wife's share of the pension benefits as a lump sum in the amount of $1,921.69.

**Analysis**

On appeal, Former Wife argues that the trial court erred in ruling that it lacked jurisdiction to consider her "motion to set aside, clarify, and/or enforce the final judgment," emphasizing that the issue before the court concerned enforcement of the final judgment. We agree.

"Whether a court has subject matter jurisdiction is a question of law reviewed de novo." *Sanchez v. Fernandez*, 915 So. 2d 192, 192 (Fla. 4th DCA 2005).

"With respect to the characterization of motions, Florida courts place substance over form. In other words, 'if the motion is mislabeled, the court will look to the substance of the motion, not the label.'" *IndyMac Fed. Bank FSB v. Hagan*, 104 So. 3d 1232, 1236 (Fla. 3d DCA 2012) (quoting *Indus. Affiliates, Ltd. v. Testa*, 770 So. 2d 202, 204 n.1 (Fla. 3d DCA 2000)).

In the underlying proceeding, both parties, as well as the trial court, characterized Former Wife's motion as a motion to set aside or amend the final judgment pursuant to Florida Rule of Civil Procedure 1.540(b)(1) and/or Florida Family Law Rule of Procedure 12.540(b)(1). However, upon review of the motion's substance, it is apparent that Former Wife's motion is essentially a motion to enforce the final judgment. This distinction is significant because a motion to set aside or amend the final judgment must be filed within one year after the entry of the final judgment. *See* Fla. R. Civ. P. 1.540(b)(1); Fla. Fam. L. R. P. 12.540(b)(1). In contrast, a motion to enforce the final judgment has no such time limitation because "[a] trial court has the inherent authority and

3

jurisdiction to enforce court-approved settlement agreements." *Sun Microsystems of Cal., Inc. v. Eng'g and Mfg. Sys., C.A.*, 682 So. 2d 219, 221 (Fla. 3d DCA 1996). Thus, contrary to its ruling, the trial court had jurisdiction to consider Former Wife's motion because the underlying action was seeking enforcement of the final judgment—specifically, the enforcement of paragraph 7 of the incorporated marital settlement agreement, which provided for the equitable distribution of the pension benefits.

"[T]he extent of the court's continuing jurisdiction to enforce the terms of the settlement agreement is circumscribed by the terms of that agreement." *Paulucci v. Gen. Dynamics Corp.*, 842 So. 2d 797, 803 (Fla. 2003). "Although a trial court may be motivated to do what it considers fair and equitable, it retains no jurisdiction to rewrite the terms of a marital settlement agreement[] [u]nder the guise of enforcing the agreement . . . ." *Rocha v. Mendonca*, 35 So. 3d 973, 976 (Fla. 3d DCA 2010). Nevertheless, if the settlement agreement's terms are ambiguous, the trial court must hold an evidentiary hearing to determine the parties' intent before ruling on a motion to enforce the agreement. *Com. Cap. Res., LLC v. Giovannetti*, 955 So. 2d 1151, 1153 (Fla. 3d DCA 2007).

## Conclusion

The trial court retained jurisdiction to consider Former Wife's "motion to set aside, clarify, and/or enforce the final judgment of dissolution of marriage" because Former Wife was seeking enforcement of the final judgment, as opposed to seeking to set aside or amend the final judgment (which would have been untimely). Nevertheless, due to the incorporated marital settlement agreement's ambiguity, enforcement is not possible until the trial court first determines the parties' intent at the time they entered the agreement. Accordingly, we reverse and remand so the trial court can hold an evidentiary hearing for the purpose of determining the parties' intent regarding the distribution/payment of Former Husband's pension benefits and "resolve the ambiguity based on all of the relevant evidence bearing on the issue." *Id.*

*Reversed and remanded.*

WARNER and ARTAU, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

4