# Third District Court of Appeal

## State of Florida

Opinion filed September 6, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0534
Lower Tribunal No. 21-27123
_____

**Paul King,**

Appellant,

vs.

**City First Mortgage Corp., et al.,**

Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Beatrice Butchko, Judge.

Paul King, in proper person.

AM Law LLC and Gary M. Murphree, for appellee City First Mortgage Corp.; McArdle Franco PLLC and Xavier A. Franco and Michael A. Mullavey, for appellee GIA Investments, LLC.

Before LOGUE, C.J., and LINDSEY and LOBREE, JJ.

LOBREE, J.

After a foreclosure sale of the relevant property pursuant to a summary final judgment of foreclosure and the issuance of the certificate of sale, the appellant, Paul King, filed objections to the foreclosure sale. King alleged unclean hands, various misdeeds, and unmet deadlines, all related to the underlying foreclosure proceeding, as well as that the purchase price of the property at the foreclosure sale was "significantly discounted from the value of the home." King now appeals from the trial court's order overruling his objections to the judicial foreclosure sale.

Finding no preliminary basis for reversal, we summarily affirm the order on appeal. See Fla. R. App. P. 9.315(a). In his initial brief, King argues that the appellee, Citi First Mortgage Corporation, failed to comply with certain subsections of the federal Real Estate Settlement Procedures Act of 1974, 12 U.S.C § 1024, when it initiated the foreclosure action. Any alleged error in this regard is "entirely removed from, and unrelated to, the foreclosure sale," and cannot form a basis for reversal of the order denying King's objections to the foreclosure sale. IndyMac Fed. Bank FSB v. Hagan, 104 So. 3d 1232, 1236, 1237 (Fla. 3d DCA 2012) ("Florida case law is clear that the substance of an objection to a foreclosure sale . . . must be directed toward conduct that occurred at, or which related to, the foreclosure sale itself."); accord Valdes v. Deutsche Bank Nat'l Tr. Co., 333 So. 3d 739 (Fla.

3d DCA 2021).  To the extent King further asserts that the trial court denied him due process in ruling on his objections, we find no merit to this claim as King's sole objection, directed toward conduct that occurred at the sale, was facially deficient as a matter of law.  See Volynsky v. Park Tree Invs. 21, LLC, 322 So. 3d 714, 715 (Fla. 3d DCA 2021); see also Venezia v. Wells Fargo Bank, N.A., 306 So. 3d 1096, 1097 (Fla. 3d DCA 2020) ("Gross inadequacy of price alone is not enough to set aside a foreclosure sale."). Accordingly, we summarily affirm the order overruling the objections to the foreclosure sale.  Because we summarily affirm the order on appeal, we deny City First Mortgage Corporation's motion to dismiss on the grounds of mootness.  See Valdes, 333 So. 3d at  740.

Affirmed.