# Third District Court of Appeal

## State of Florida

Opinion filed December 3, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0354
Lower Tribunal No. 23-20166-CA-01
_____


**Pike Holdings, LLC,**
Appellant,

vs.

**Brighthouse Life
Insurance Company,**
Appellee.


An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Jason Emilios Dimitris, Judge.

Kenzie N. Sadlak, P.A., and Kenzie N. Sadlak, for appellant.

Quarles & Brady LLP and Benjamin B. Brown, Joseph T. Kohn, and Reed Baker (Naples), for appellee.


Before LOGUE, LINDSEY, and GOODEN, JJ.

LINDSEY, J.

Appellant, Pike Holdings, LLC ("Pike"), appeals a non-final order denying its objection to sale in favor of Appellee, Brighthouse Life Insurance Company ("Brighthouse"), the plaintiff below. We affirm.

Pike failed to provide a transcript of the hearing on the objection to sale that the trial court's order relies on. Absent a transcript of the hearing, we may reverse the decision only if an error of law appears on the face of the order under review. See Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979) ("Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory."); see also 7550 Bldg., Inc. v. Atl. Rack & Shelving, Inc., 999 So. 2d 663, 664 (Fla. 3d DCA 2008) (citation omitted) ("Absent a transcript, this Court may reverse the decision 'only if an error of law appears on the face of the final judgment.'").

Here, no error of law appears on the face of the order denying Pike's objection to sale. At a minimum, an objection to sale under section 45.031(5), Florida Statutes (2025) must allege "(1) that the foreclosure sale bid was grossly or startlingly inadequate; and (2) that the inadequacy of the bid resulted from some mistake, fraud or other irregularity." See IndyMac Fed. Bank FSB v. Hagan, 104 So. 3d 1232, 1236 (Fla. 3d DCA 2012). Pike did

neither. Therefore, the trial court correctly found Pike's objection was facially deficient because the objection does not challenge conduct related to the foreclosure sale itself. See id. ("[A]n objection to a foreclosure sale under section 45.031(5) must be directed toward conduct that occurred at, or which related to, the foreclosure sale itself."). Accordingly, we affirm the trial court's non-final order denying Pike's objection to sale.

Affirmed.